**Ruby McEWEN, Appellant,**

v.

**WAL–MART STORES, INC., Appellee.**

No. 04–96–00896–CV.

Court of Appeals of Texas,
San Antonio.

Feb. 27, 1998.

Rehearing Overruled July 22, 1998.

Concurring Opinion on Denial of
Rehearing, July 22, 1998.

Bryan Kost, Law Offices of Fidel Rodriguez, Jr., Larry Zinn, San Antonio, for appellant.

Stephen R. Fogle, Small, Craig & Werkenthin, P.C., San Antonio, Harold R. Loftin, Jr., Small, Craig & Werkenthin, P.C., Austin, for appellee.

Before STONE, GREEN and ANGELINI, JJ.

## OPINION

STONE, Justice.

This appeal arises from a take nothing judgment entered against appellant, Ruby McEwen, in a personal injury lawsuit. McEwen brought suit against appellee, Wal-Mart Stores, Inc., for injuries she suffered while entering a Wal-Mart on S.E. Military Drive. McEwen alleged that as she and her daughter entered the vestibule of the Wal-Mart, a strong gust of wind raised the unsecured floor mat and the mat struck her in the back of the leg. The strike caused McEwen to fall and suffer a shoulder injury. McEwen sought medical expenses and damages for the initial shoulder injury, as well as additional damages based on subsequent accidents allegedly stemming from the initial accident.

After trial, a jury found no liability against Wal-Mart but awarded the plaintiff forty-two thousand dollars in damages. In accordance with the jury's finding on liability, the trial court entered a take nothing judgment against the plaintiff. In three points of error, McEwen argues that the trial court erred in excluding McEwen's evidence of similar accidents at the Wal-Mart store where McEwen's accident occurred. First, McEwen contends that the trial court erred in excluding an alleged admission by the party opponent; second, she contends that the trial court erred in excluding evidence of similar accidents; and lastly, she argues that the trial court committed cumulative error in its evidentiary exclusions.

### STANDARD OF REVIEW

We reverse a trial court's judgment based on an error in the admission or exclusion of evidence, only if we find that: (1) the trial court did in fact commit error; and (2) the error was reasonably calculated to cause and probably did cause rendition of an improper judgment. *Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex.1989). In determining error, we review the trial court's admission of evidence based under the abuse of discretion standard. *Tracy v. Annie's Attic, Inc.*, 840 S.W.2d 527, 531 (Tex.App.—Tyler 1992, writ denied). The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in similar circumstances does not demonstrate that an abuse of discretion has occurred. *Southwestern Bell Tel. Co. v. Johnson*, 389 S.W.2d 645, 648 (Tex.1965). Rather, the determination of abuse of discretion turns on whether the lower court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). After a determination of whether the trial court abused its discretion, we shall determine whether the error constitutes reversible error.

## ADMISSION BY A PARTY OPPONENT

In her first point of error, McEwen contends that the trial court committed reversible error by excluding an admission by a party opponent. At trial, McEwen sought to testify that a Wal–Mart employee came to her aid shortly after the accident and stated, "This is not the first time this has happened." Wal–Mart objected on hearsay grounds. After hearing argument outside the jury's presence, the trial court determined that the testimony did not satisfy the requirements of an admission by a party opponent and excluded the testimony.

■ An admission by a party opponent is not hearsay. TEX.R. CIV. EVID. 801(e)(2)(D). An admission is defined as a statement made or an act done by a party to the suit which constitutes a prior acknowledgment that facts relevant to the issues are not as claimed at trial. *Hartford Accident & Indem. Co. v. McCardell*, 369 S.W.2d 331, 337 (Tex.1963). Rule 801(e)(2)(D) includes as non-hearsay statements made by an "agent or servant" regarding matters within the scope of their agency or employment during the existence of that relationship. TEX.R. CIV. EVID. 801(e)(2)(D).

■ The standard set out in Rule 801(e)(2)(D) overrules previous Texas law which allowed an employee's statement only if it was authorized by the employer. *See Big Mack Trucking Co., Inc. v. Dickerson*, 497 S.W.2d 283, 288 (Tex.1973). Under current law, an employee's statement is admissible against her employer, as an admission by a party opponent, if the statement is: (1) made during the existence of the employment relationship; and (2) the statement concerns a matter within the scope of the employee's employment. *Norton v. Martin*, 703 S.W.2d 267, 271 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.).

The parties do not dispute that the declarant was an employee of Wal–Mart. Therefore, the test for admissibility depends on whether the statement was made concerning the scope of the declarant's employment. TEX.R. CIV. EVID. 801(e)(2)(D); *Norton*, 703 S.W.2d at 271–72. In an effort to define *scope of employment* within the meaning of

Rule 801(e)(2)(D), the First Court of Appeals has held that a property manager's statements made to a tenant were admissions against the landlord because the conversations concerned matters within the property manager's employment. *Southmark Management Corp. v. Vick*, 692 S.W.2d 157, 160 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). In *Southmark*, the property manager made statements to the tenant which concerned whether the tenant should continue the existing lease or sign a new lease. Without exposition, the court determined that the statements concerned a matter within the property manager's scope of employment. *Id.* Similarly, the Corpus Christi court held that a banker's out of court statement was admissible as an admission when it was undisputed that the banker was an agent of the bank and there was evidence that the statement referred to the bank. *Fojtik v. First Nat'l Bank of Beeville*, 752 S.W.2d 669, 672 (Tex.App.—Corpus Christi 1988), *writ denied per curiam*, 775 S.W.2d 632 (Tex.1989).

We find additional guidance on the definition of scope of employment from worker's compensation cases. In these cases, the general rule is if the employee is injured at work, on the employer's premises, at a time during which he normally works, then there is sufficient evidence for the jury to determine the injury occurred within the course and scope of employment, even if the injury occurred outside of the employee's usual work area. *Scott v. Millers Mut. Fire Ins. Co. of Texas*, 524 S.W.2d 285, 289 (Tex.1975).

■ We find that the admission was made concerning a matter in the scope of the employee's employment. Similar to *Scott*, the Wal–Mart employee made the statement at work, on the employer's premises, at a time when it appeared she was working. *See id.* Analogous to *Fojtik*, the employee made the admission during her employment with Wal–Mart, and the statement concerned events regarding the Wal–Mart store. *See Fojtik*, 752 S.W.2d at 672. Lastly, the record reveals that the store manager testified that all Wal–Mart employees are instructed and encouraged to aid and speak with customers

such as McEwen, who find themselves in similar circumstances.

In light of this analysis, we hold that the trial court abused its discretion by failing to use the proper guiding rules and principals. The trial court failed to apply the proper legal standard for determining the admissibility of an admission by a party opponent, and incorrectly determined the statement's admissibility based on the declarant's authority. The trial court stated, "I'm still of the opinion that to make an admission against interest you have to be some sort of authorized representative." As we have noted, the proper determination of admissibility turns on whether the statement was within the scope of the declarant's employment and not on whether the employer authorized the statement.

## SIMILAR ACCIDENTS

In her second point of error, McEwen argues that the trial court erred in excluding a Wal–Mart accident report concerning a similar accident. At trial, McEwen sought to introduce two Wal–Mart accident reports in addition to the report regarding McEwen's accident. One report occurred at the store in question while the second report occurred at a different Wal–Mart store. The trial court excluded the former based on a finding that the facts were not substantially similar to the facts of the present case.

■ Similar events are admissible if the "earlier accidents occurred under reasonably similar but not necessarily identical circumstances." *Missouri Pac. R.R. Co. v. Cooper,* 563 S.W.2d 233, 236 (Tex.1978); *Sears, Roebuck & Co. v. Menegay,* 907 S.W.2d 72, 74 (Tex.App.—Fort Worth 1995, no writ). This court upheld the standard for admission of similar accidents in *Klorer v. Block,* 717 S.W.2d 754, 760 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.). In *Klorer,* we held that prior to admission of similar events, the plaintiff must first establish (1) a predicate of similar or reasonably similar conditions, (2) connection of the conditions in some special way, or (3) that the incidents occurred by means of the same instrumentality. *Id.*

■ We hold that the trial court erred in excluding the accident report. McEwen's accident report states that the floor mat flew up causing her to trip toward the door. The accident report further indicates that the incident occurred at the "front entrance" of the Wal–Mart. The record shows that the excluded accident report states that a woman tripped over the carpet entering the Wal–Mart because the carpet was "folded over." The report reads that the customer alleged "to have tripped on the carpet matts [sic] in front of store," and that the accident occurred at the "front entrance" of the Wal–Mart. The instrumentality that caused McEwen's accident was the floor mat, and the same instrumentality caused the accident in the excluded report. The trial court excluded the report because, "The reason is she tripped over the carpet. The carpet didn't come up and strike the lady like evidence in this case." As the case law illustrates, the prior accident need only be similar, not identical. *Klorer,* 717 S.W.2d at 760. Therefore, the trial court erred by failing to apply the proper guiding rules and principles to the facts of this case.

## REVERSIBLE ERROR

■ Having found that the trial court abused its discretion in its evidentiary exclusions, we must now determine whether the court's abuse of discretion constitutes reversible error. To constitute reversible error we must find that the error was reasonably calculated to cause and probably did cause rendition of an improper judgment. TEX.R.APP. P. 44.1; *Boothe v. Hausler,* 766 S.W.2d 788, 789 (Tex.1989); *Gee,* 765 S.W.2d at 396. "[R]eversible error is not ordinarily shown in evidentiary rulings unless the whole case turns on the particular evidence admitted or excluded." *Shenandoah Assocs. v. J & K Properties, Inc.,* 741 S.W.2d 470, 490 (Tex. App.—Dallas 1987, writ denied); *Texaco, Inc. v. Pennzoil, Co.,* 729 S.W.2d 768, 837 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.), *cert. denied,* 485 U.S. 994, 108 S.Ct. 1305, 99 L.Ed.2d 686 (1988). For the exclusion of evidence to constitute reversible error, the evidence must control a material issue and not be cumulative. *Gee,* 765

S.W.2d at 396; *see Mentis v. Barnard,* 870 S.W.2d 14, 16 (Tex.1994).

▮ Wal–Mart's notice of the dangerous condition was a material element of McEwen's premises liability cause of action. Under the standard established in *Corbin v. Safeway Stores, Inc.,* 648 S.W.2d 292 (Tex. 1983), McEwen was required to establish the following elements:

(1) actual or constructive knowledge of some condition on the premises by the owner/operator;

(2) that the condition posed an unreasonable risk of harm;

(3) that the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and

(4) that the owner/operator's failure to use such care proximately caused the plaintiff's injuries.

*Id.* at 296. However, the trial court's erroneous rulings deprived McEwen of the opportunity to prove notice. The introduction of either the admission by the Wal–Mart employee or the accident report would tend to show that the Wal–Mart store in question had notice of a dangerous condition involving unsecured mats on its premises. A review of the record also reveals that absent the wrongfully excluded evidence, no other evidence tends to show that the Wal–Mart store in question had notice of the dangerous condition. Although one accident report concerning a similar occurrence was admitted into evidence, the accident took place at a different Wal–Mart store. Therefore, the admitted report did not concern the notice element for the store in question. We hold that the trial court's error in excluding McEwen's evidence of an admission by a party opponent and of a similar accident amounts to reversible error because the evidence excluded was controlling on a material issue and not cumulative. *See Mentis,* 870 S.W.2d at 16; *Gee,* 765 S.W.2d at 396. Points of error one and two are sustained.

In light of our disposition of points of error one and two, we need not address McEwen's third point of error. Tex.R.App. P. 47.1. We reverse the judgment of the trial court, and remand the cause to the lower court for a new trial in accordance with this opinion.

Concurring opinion by GREEN, J.

## ON MOTION FOR REHEARING

GREEN, Justice, concurring.

On reconsideration in light of the briefed arguments on motion for rehearing, I withdraw my previous dissent. However, I still cannot agree with the majority's holding that the trial judge abused his discretion in excluding evidence that a Wal–Mart employee stated after the accident that "[t]his is not the first time this has happened." The statement is ambiguous in its meaning and is not clearly probative of any element the plaintiff was required to prove in this premises liability case. The trial court was thus within his discretion in keeping it out. Because this issue does not affect the outcome of the case, I concur in the result.