TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-01-00044-CV







Linda Long, Appellant



v.



Wal-Mart Stores, Inc., Appellee







FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT


NO. 19,559, HONORABLE GUILFORD L. JONES, III, JUDGE PRESIDING







 Appellant Linda Long appeals from a take nothing judgment in favor of appellee
Wal-Mart Stores, Inc. ("Wal-Mart"). Long sued Wal-Mart for injuries sustained when she slipped
and fell at a Wal-Mart store in Marble Falls, Texas. The jury failed to find Wal-Mart negligent. 
Long contends that the trial court wrongly excluded evidence of an earlier slip and fall incident in
the same store. We will affirm the judgment of the trial court.


Background

 On October 11, 1998, Long and her grandson, Robert, browsed in Wal-Mart's toy
department for approximately forty minutes. They stopped to examine a particular toy located on
a top shelf. Long was still looking at the toy as she prepared to leave the toy aisle. As she pushed
her cart forward, she slipped and fell on a loose crayon, injuring her left knee. Since her injury
occurred, Long has undergone a variety of treatments for her knee, including surgery and physical
therapy.

 In August 1999, Long sued Wal-Mart under a premises liability theory, seeking
damages for past and future physical pain and mental anguish, past and future physical impairment,
past and future medical expenses, and lost wages. At trial, Long attempted to present evidence of
Wal-Mart's breach of its duty to exercise ordinary care and operate its store reasonably and
prudently. The jury failed to find Wal-Mart negligent. Long filed a motion for new trial and a
motion for judgment notwithstanding the verdict, neither of which was granted by the trial court. 
In one issue on appeal, Long complains that the trial court erred in excluding certain evidence.


Standard of Review

 In order to reverse a trial court's judgment based on exclusion of evidence, we must
first find that the trial court committed error. Gee v. Liberty Mut. Fire Ins. Co., 765 S.W.2d 394, 396
(Tex. 1989). If error was committed, we must then find the error was reasonably calculated to cause
and probably did cause the rendition of an improper judgment. Id.; Tex. R. App. P. 44.1(a); Tex.
R. Evid. 103(a) (exclusion must affect party's substantial right). The admission or exclusion of
evidence rests within the sound discretion of the trial court. New Braunfels Factory Outlet v. IHOP
Realty Corp., 872 S.W.2d 303, 310 (Tex. App.---Austin 1994, no writ). In determining whether
error was committed, we review the trial court's exclusion of evidence under an abuse of discretion
standard. McEwen v. Wal-Mart Stores, Inc., 975 S.W.2d 25, 27 (Tex. App.--San Antonio 1998, pet.
denied). Under this standard, the court commits error only when it acts in an unreasonable and
arbitrary manner or without reference to any guiding principles. Beaumont Bank, N.A. v. Buller, 806
S.W.2d 223, 226 (Tex. 1991). Even if error was committed, the exclusion of evidence ordinarily
does not constitute reversible error unless the complaining party can demonstrate the outcome of the
case turns on the excluded evidence. Porter v. Nemir, 900 S.W.2d 376, 381 (Tex. App.--Austin
1995, writ denied).


Discussion

 Before we address Long's issue on the merits, we must ensure that error was properly
preserved. In order to preserve error for appellate review, the record must show that the complaint
was made to the trial court by a timely request, objection, or motion stating the grounds for the
desired ruling with sufficient specificity to make the trial court aware of the complaint, unless the
specific ground was apparent from the context. See Tex. R. App. P. 33.1(a). If the ruling excludes
the evidence, the substance of the evidence must have been made known to the court by offer, or be
apparent from the context. See Tex. R. Evid. 103(a). An appellate contention that does not comport
with the objection voiced at trial presents nothing for review. See Lakeway Land Co. v. Kizer, 796
S.W.2d 820, 825 (Tex. App.--Austin 1990, writ denied). 

 At trial, Long timely objected to the court's exclusion of testimony regarding a prior
accident that took place outside the toy aisle in the Marble Falls Wal-Mart. She argued that evidence
of prior slip and fall incidents should be admitted in order to refute testimony that Wal-Mart was a
safe store. On appeal, however, Long takes a different approach in attempting to persuade this Court
of the evidence's relevance.

 Long now argues the evidence regarding prior accidents should have been admitted
because the prior accident in question was similar or reasonably similar to her own fall. The test for
admissibility of such evidence is enumerated in Henry v. Mrs. Baird's Bakeries, Inc. and has been
used to demonstrate the probative value of near accidents or related similar events. 475 S.W.2d 288,
294 (Tex. Civ. App.--Fort Worth 1971, writ ref'd n.r.e.). In spite of any merit Long's similar
conditions theory may have, she failed to assert these grounds at trial. (1) Because Long's trial
argument fails to match her appellate contention, we hold that error was not properly preserved, and,
as such, we have nothing to review. Henderson, 617 S.W.2d at 699.

 Even if Long properly preserved error for appeal, she failed to prove the applicability
of the Henry test to the facts of this case. Under the Henry test, similar events are admissible if the
earlier accident occurred under reasonably similar but not necessarily identical circumstances. 
McEwen v. Wal-Mart Stores, Inc., 975 S.W.2d 25, 29 (Tex. App.--San Antonio 1998, pet. denied). 
In order to admit evidence of similar events, a plaintiff must first establish a predicate of similar or
reasonably similar conditions, a connection of the conditions in some special way, or that the
incidents occurred by means of the same instrumentality. McEwen, 975 S.W.2d at 29; Henry, 475
S.W.2d at 294. Long's evidence meets none of the required predicates. (2)

 In Henry, the appellant slipped and fell on a rainy day in a "greasy, black" substance
located on the sidewalk below a down spout connected to appellee's cake factory. Henry,
475S.W.2d at 289. She was allowed to introduce evidence of a similar slip and fall which occurred
below the same down spout under similar rainy conditions. Id. at 291. Likewise, the appellant in
McEwen was struck in the back of the legs by a floor mat at the front entrance to a Wal-Mart store,
causing her to trip and fall forward. McEwen, 975 S.W.2d at 29. She was permitted to introduce
an accident report which stated that another woman had tripped over a folded floor mat at the front
entrance of the same Wal-Mart. Id. In the case at hand, Long slipped on a crayon in the toy aisle,
while the earlier proffered incident involved a shampoo spill at an undisclosed location in the store.
The fact that both falls occurred on Wal-Mart's premises is not enough to make the occurrences
similar or reasonably similar, and contrary to appellant's argument, general store policies afford no
special connection between the two incidents. Additionally, the fact that materials in possession of
the store allegedly caused both falls does not establish occurrences by means of the same
instrumentality. A crayon and shampoo are two entirely different products and substances. 
Accordingly, Long did not satisfy the predicates for admission of prior incidents under the Henry
test. As such, we would not sustain Long's issue even if she had preserved it.

 Furthermore, even if preserved and Long met the predicates for admission, the
evidence would only be probative as to (1) the existence of a dangerous condition or instrumentality,
(2) the fact that some similar event could have happened, or (3) the question of notice to the
defendant of the existence of an alleged dangerous condition. Henry, 475 S.W.2d at 294; see also
Klorer v. Block, 717 S.W.2d 754, 760 (Tex. App.--San Antonio 1986, writ ref'd). Long argues that
evidence of this prior slip and fall incident goes to the element of notice, but we do not believe that
the store's notice of shampoo in one aisle constitutes notice of a crayon in another area of the store
more than a week later. The evidence, therefore, does not go to prove a material issue. In sum, even
if the proper predicate had been laid and the court had erred in not admitting the evidence in
question, such error would not require reversal because it was not reasonably calculated to cause the
rendition of an improper judgment. Tex. R. App. P. 44.1; Gee, 765 S.W.2d at 396. Therefore, we
overrule Long's issue.


Conclusion

 Because appellant's argument on appeal differs from her complaint at trial, we hold
that she has waived her point on appeal. Further, even if preserved, appellant has not shown that the
trial court abused its discretion by excluding the evidence in question. For all the reasons stated, we
affirm the trial court's judgment.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: November 1, 2001

Do Not Publish

1. In fact, the record shows that Long's attorney went so far as to say the prior accident in
question is not the same or similar and is not related to appellant's fall:


Wal-Mart: [I]t cannot be shown that those previous accidents . . . are the same
or similar to the occurrence we're talking about today.


Long: It's not the same or similar, Judge. . . .
2. In spite of the fact that the text of Henry fails to indicate whether a prior incident must meet
all three predicates or simply one of the three, at least one court has read the test as having a
disjunctive nature. Compare Henry v. Mrs. Baird's Bakeries, Inc., 475 S.W.2d 288, 295 (Tex. Civ.
App.--Fort Worth 1971, writ ref'd n.r.e.) (failing to indicate whether its factors are conjunctive or
disjunctive), with McEwen, 975 S.W.2d at 29 (holding the "similar events" factors are disjunctive). 
For our purposes, it makes no difference whether the missing conjunction should be 'and' or 'or'
because Long's evidence meets none of the three factors.