# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

===============

## NO. 03-01-00044-CV

===============

## Linda Long, Appellant

### v.

## Wal-Mart Stores, Inc., Appellee

==========================================================================

## FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
## NO. 19,559, HONORABLE GUILFORD L. JONES, III, JUDGE PRESIDING

==========================================================================

Appellant Linda Long appeals from a take nothing judgment in favor of appellee Wal-Mart Stores, Inc. ("Wal-Mart"). Long sued Wal-Mart for injuries sustained when she slipped and fell at a Wal-Mart store in Marble Falls, Texas. The jury failed to find Wal-Mart negligent. Long contends that the trial court wrongly excluded evidence of an earlier slip and fall incident in the same store. We will affirm the judgment of the trial court.

## Background

On October 11, 1998, Long and her grandson, Robert, browsed in Wal-Mart's toy department for approximately forty minutes. They stopped to examine a particular toy located on a top shelf. Long was still looking at the toy as she prepared to leave the toy aisle. As she pushed her cart forward, she slipped and fell on a loose crayon, injuring her left knee. Since her injury

occurred, Long has undergone a variety of treatments for her knee, including surgery and physical therapy.

In August 1999, Long sued Wal-Mart under a premises liability theory, seeking damages for past and future physical pain and mental anguish, past and future physical impairment, past and future medical expenses, and lost wages. At trial, Long attempted to present evidence of Wal-Mart's breach of its duty to exercise ordinary care and operate its store reasonably and prudently. The jury failed to find Wal-Mart negligent. Long filed a motion for new trial and a motion for judgment notwithstanding the verdict, neither of which was granted by the trial court. In one issue on appeal, Long complains that the trial court erred in excluding certain evidence.

### Standard of Review

In order to reverse a trial court's judgment based on exclusion of evidence, we must first find that the trial court committed error. *Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex. 1989). If error was committed, we must then find the error was reasonably calculated to cause and probably did cause the rendition of an improper judgment. *Id.*; Tex. R. App. P. 44.1(a); Tex. R. Evid. 103(a) (exclusion must affect party's substantial right). The admission or exclusion of evidence rests within the sound discretion of the trial court. *New Braunfels Factory Outlet v. IHOP Realty Corp.*, 872 S.W.2d 303, 310 (Tex. App.——Austin 1994, no writ). In determining whether error was committed, we review the trial court's exclusion of evidence under an abuse of discretion standard. *McEwen v. Wal-Mart Stores, Inc.*, 975 S.W.2d 25, 27 (Tex. App.—San Antonio 1998, pet. denied). Under this standard, the court commits error only when it acts in an unreasonable and arbitrary manner or without reference to any guiding principles. *Beaumont Bank, N.A. v. Buller*, 806

2

S.W.2d 223, 226 (Tex. 1991). Even if error was committed, the exclusion of evidence ordinarily does not constitute reversible error unless the complaining party can demonstrate the outcome of the case turns on the excluded evidence. *Porter v. Nemir,* 900 S.W.2d 376, 381 (Tex. App.—Austin 1995, writ denied).

## Discussion

Before we address Long's issue on the merits, we must ensure that error was properly preserved. In order to preserve error for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion stating the grounds for the desired ruling with sufficient specificity to make the trial court aware of the complaint, unless the specific ground was apparent from the context. *See* Tex. R. App. P. 33.1(a). If the ruling excludes the evidence, the substance of the evidence must have been made known to the court by offer, or be apparent from the context. *See* Tex. R. Evid. 103(a). An appellate contention that does not comport with the objection voiced at trial presents nothing for review. *See Lakeway Land Co. v. Kizer,* 796 S.W.2d 820, 825 (Tex. App.—Austin 1990, writ denied).

At trial, Long timely objected to the court's exclusion of testimony regarding a prior accident that took place outside the toy aisle in the Marble Falls Wal-Mart. She argued that evidence of prior slip and fall incidents should be admitted in order to refute testimony that Wal-Mart was a safe store. On appeal, however, Long takes a different approach in attempting to persuade this Court of the evidence's relevance.

Long now argues the evidence regarding prior accidents should have been admitted because the prior accident in question was similar or reasonably similar to her own fall. The test for

3

admissibility of such evidence is enumerated in *Henry v. Mrs. Baird's Bakeries, Inc.* and has been used to demonstrate the probative value of near accidents or related similar events. 475 S.W.2d 288, 294 (Tex. Civ. App.—Fort Worth 1971, writ ref'd n.r.e.). In spite of any merit Long's similar conditions theory may have, she failed to assert these grounds at trial.[1] Because Long's trial argument fails to match her appellate contention, we hold that error was not properly preserved, and, as such, we have nothing to review. *Henderson,* 617 S.W.2d at 699.

Even if Long properly preserved error for appeal, she failed to prove the applicability of the *Henry* test to the facts of this case. Under the *Henry* test, similar events are admissible if the earlier accident occurred under reasonably similar but not necessarily identical circumstances. *McEwen v. Wal-Mart Stores, Inc.*, 975 S.W.2d 25, 29 (Tex. App.—San Antonio 1998, pet. denied). In order to admit evidence of similar events, a plaintiff must first establish a predicate of similar or reasonably similar conditions, a connection of the conditions in some special way, or that the incidents occurred by means of the same instrumentality. *McEwen*, 975 S.W.2d at 29; *Henry,* 475 S.W.2d at 294. Long's evidence meets none of the required predicates.[2]

---

[1] In fact, the record shows that Long's attorney went so far as to say the prior accident in question is not the same or similar and is not related to appellant's fall:

> Wal-Mart: [I]t cannot be shown that those previous accidents . . . are the same or similar to the occurrence we're talking about today.

> Long: It's not the same or similar, Judge. . . .

[2] In spite of the fact that the text of *Henry* fails to indicate whether a prior incident must meet all three predicates or simply one of the three, at least one court has read the test as having a disjunctive nature. *Compare Henry v. Mrs. Baird's Bakeries, Inc.,* 475 S.W.2d 288, 295 (Tex. Civ. App.—Fort Worth 1971, writ ref'd n.r.e.) (failing to indicate whether its factors are conjunctive or disjunctive), *with McEwen,* 975 S.W.2d at 29 (holding the "similar events" factors are disjunctive). For our purposes, it makes no difference whether the missing conjunction should be 'and' or 'or' because Long's evidence meets none of the three factors.

In *Henry*, the appellant slipped and fell on a rainy day in a "greasy, black" substance located on the sidewalk below a down spout connected to appellee's cake factory. *Henry,* 475S.W.2d at 289. She was allowed to introduce evidence of a similar slip and fall which occurred below the same down spout under similar rainy conditions. *Id.* at 291. Likewise, the appellant in *McEwen* was struck in the back of the legs by a floor mat at the front entrance to a Wal-Mart store, causing her to trip and fall forward. *McEwen,* 975 S.W.2d at 29. She was permitted to introduce an accident report which stated that another woman had tripped over a folded floor mat at the front entrance of the same Wal-Mart. *Id.* In the case at hand, Long slipped on a crayon in the toy aisle, while the earlier proffered incident involved a shampoo spill at an undisclosed location in the store. The fact that both falls occurred on Wal-Mart's premises is not enough to make the occurrences similar or reasonably similar, and contrary to appellant's argument, general store policies afford no special connection between the two incidents. Additionally, the fact that materials in possession of the store allegedly caused both falls does not establish occurrences by means of the same instrumentality. A crayon and shampoo are two entirely different products and substances. Accordingly, Long did not satisfy the predicates for admission of prior incidents under the *Henry* test. As such, we would not sustain Long's issue even if she had preserved it.

Furthermore, even if preserved and Long met the predicates for admission, the evidence would only be probative as to (1) the existence of a dangerous condition or instrumentality, (2) the fact that some similar event could have happened, or (3) the question of notice to the defendant of the existence of an alleged dangerous condition. *Henry,* 475 S.W.2d at 294; *see also Klorer v. Block,* 717 S.W.2d 754, 760 (Tex. App.—San Antonio 1986, writ ref'd). Long argues that

5

evidence of this prior slip and fall incident goes to the element of notice, but we do not believe that the store's notice of shampoo in one aisle constitutes notice of a crayon in another area of the store more than a week later. The evidence, therefore, does not go to prove a material issue. In sum, even if the proper predicate had been laid and the court had erred in not admitting the evidence in question, such error would not require reversal because it was not reasonably calculated to cause the rendition of an improper judgment. Tex. R. App. P. 44.1; *Gee*, 765 S.W.2d at 396. Therefore, we overrule Long's issue.

## Conclusion

Because appellant's argument on appeal differs from her complaint at trial, we hold that she has waived her point on appeal. Further, even if preserved, appellant has not shown that the trial court abused its discretion by excluding the evidence in question. For all the reasons stated, we affirm the trial court's judgment.

_____

_

Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: November 1, 2001

Do Not Publish

6