Albert **FELIX**, Appellant,

v.

Colleen **GONZALEZ** and Angelica **Gonzalez**, Appellees.

No. 04–01–00108–CV.

Court of Appeals of Texas, San Antonio.

May 1, 2002.

Rehearing Overruled Aug. 14, 2002.

Stephen L. Dittlinger, Law Offices of Stephen L. Dittlinger, San Antonio, for appellant.

Virgil W. Yanta, Lance Geppert, The Yanta Law Firm, San Antonio, for appellees.

Sitting: PHIL HARDBERGER, Chief Justice, PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice.

Opinion by: PAUL W. GREEN, Justice.

The jury found Albert Felix seventy-five percent liable for a automobile accident injuring Colleen Gonzalez. Sustaining all three of Felix's issues on appeal, we reverse the judgment and remand the matter for a new trial.

### Background

Felix and Gonzalez were involved in an automobile accident. Gonzalez claimed Felix rear-ended her while Felix claimed Gonzalez side-swiped him. The jury found Felix seventy-five percent negligent and Gonzalez twenty-five percent negligent. The trial court entered judgment in favor of Gonzalez, awarding her $60,000.00 in damages for past and future medical expenses. Felix appeals to this Court, claiming the trial court erred in excluding hearsay evidence, instructing the jury on spoliation of the evidence, and admitting evidence of Felix's prior automobile accident.

### Evidentiary Rulings

In his first and third issues, Felix challenges evidentiary rulings. In his first issue, Felix claims the trial court improperly excluded as hearsay a statement made by an unidentified witness to the police officer at the scene of the accident. In his third issue, Felix claims the trial court erroneously admitted evidence of his prior automobile accident. We review the trial court's rulings under an abuse of discretion standard. *E.I. du Pont de Nemours & Co. v. Robinson,* 923 S.W.2d 549, 558 (Tex.1995).

## A. Excited Utterance Exception to Hearsay

An out-of-court statement offered for its truth is inadmissible. Tex.R. Evid. 802. Texas Rule of Evidence 803 creates a hearsay exception for statements "relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Tex.R. Evid. 803(2). In determining whether a statement is an excited utterance, the ultimate question is whether the statement was the result of reflective thought or a spontaneous reaction to an exciting event. *Malone v. Foster*, 956 S.W.2d 573, 578 (Tex.App.-Dallas 1997), *aff'd*, 977 S.W.2d 562 (Tex.1998).

A statement that is simply a narrative of past events or acts, as distinguished from a spontaneous utterance, does not qualify as an excited utterance regardless of how soon after the event it is made. *First Southwest Lloyds Ins. Co. v. MacDowell*, 769 S.W.2d 954, 959 (Tex. App.-Texarkana 1989, writ denied). The circumstances must show that it was the event speaking through the person and not the person speaking about the event. *First Southwest*, 769 S.W.2d at 959. Further, the only requirement concerning time is the necessity that the statement be made while in a state of excitement caused by the startling event.[1]

In this case, Felix attempted to elicit testimony about statements made by an unidentified witness to the police officer reporting to the scene of the accident. Felix presented the following deposition testimony during his offer of proof:

Q. How long after you got to the scene was it that you spoke to this individual?

A. Moments, just moments, because he approached me first.

Q. And what was his general state of mind, or how was he acting when he approached you?

A. He was excited. He was concerned about the lady in the car. I had to speak with him—I had pulled him aside, away from—or ahead of the accident so I could talk to him and calm him down while EMS took care of the lady.

Q. Is he the first person you spoke to who described what had occurred, or had you already spoken to Mr. Felix?

A. At this point, I had not spoken to Mr. Felix, no. I spoke to the gentleman first.

The officer then testified the witness reported that he had been driving directly behind Gonzalez's car. The witness saw Gonzalez change lanes, sideswipe Felix's truck, and collide with the median.

We hold the trial court abused its discretion in excluding the witness's statement. The officer stated he spoke with the witness immediately upon arriving at the scene. He described the witness as excited. Further, he testified the witness was excited at the time the statement was given, stating that he had to "calm him down." *First Southwest*, 769 S.W.2d at 959. Although Gonzalez argues the excited utterance exception does not apply because the witness was excited about Gonzalez's injuries rather than the accident itself, we find this argument unpersuasive. The core of the excited utterance exception is reliability—a statement made by an out-of-court declarant during a state of excitement is more reliable than a statement made after time for reflection upon a startling event. *Malone*, 956 S.W.2d at 580 (holding a statement made a

---

1. *City of Dallas v. Donovan*, 768 S.W.2d 905, 908 (Tex.App.-Dallas 1989, no writ).

day after the exciting event "could not have been a spontaneous reaction"). Once the timing of the state of excitement is demonstrated, so long as the statement made *relates to* the startling event, it falls within the purview of the excited utterance exception. *See Almaraz v. Burke,* 827 S.W.2d 80, 83 (Tex.App.-Fort Worth 1992, writ den'd) (holding that because "there was evidence that [the witnesses] were still excited either from the accident itself or the subsequent chase at the times that they passed on the van's license plate number," the statements were admissible under the excited utterance exception). The trial court's exclusion of the statement was erroneous.

## B. Felix's Prior Accident

Felix also complains the trial court erred in admitting evidence of an accident occurring five years before the accident in question. At trial, Gonzalez attempted to introduce evidence of four of Felix's prior accidents. Felix objected, arguing the accident was not admissible as evidence of a habit and that Texas Rule of Evidence 403 required exclusion of the evidence. Gonzalez argued the accident is admissible because it is similar to the accident in question and is relevant to prove state of mind. The trial court admitted only one, finding it was the only one similar to the accident in question.

■ Texas Rule of Evidence 404(b) provides that evidence of past acts is not admissible to prove the person acted in conformity on the day in question. TEX.R. EVID. 404(b); *Nix v. H.R. Mgmt. Co.,* 733 S.W.2d 573, 576 (Tex.App.-San Antonio 1987, writ ref'd n.r.e.). Texas Rule of Evidence 406 provides:

> Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is

relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.

TEX.R. EVID. 406; *see Waldon v. City of Longview,* 855 S.W.2d 875, 880 (Tex.App.-Tyler 1993, no writ) (affirming the exclusion of prior accidents because "during a six-year period, three low speed accidents ... does not demonstrate a habit as contemplated by Rule 406"). In this case, the trial court admitted only one accident, and during its ruling, it considered evidence of four accidents in seventeen years. We hold Rule 406 does not permit the admission of Felix's 1993 accident as evidence of habit.

■ Gonzalez claims the accident is admissible to show Felix's state of mind during the accident. When gross negligence and punitive damages are at issue, the defendant's state of mind is relevant to prove the level of culpability. *Castro v. Sebesta,* 808 S.W.2d 189, 194 (Tex.App.-Houston [1st Dist.] 1991, no writ). In *Castro,* the First Court of Appeals considered whether the trial court properly excluded evidence of the defendant's prior drug use:

> Plaintiff argues that the evidence was not offered to prove whether defendant committed a negligent act (defendant stipulated that); the evidence was offered to prove the quality of defendant's act. We agree. The limitation on the evidence imposed by the court did not allow the plaintiff to show defendant's actual level of culpability. That defendant regularly smoked marihuana while driving a car was relevant to the determination of punitive damages. To determine if an award for punitive damages was appropriate, plaintiff should have been able to show the jury just how indifferent the defendant was to the

danger of driving a car while smoking marihuana.

*Id.* at 194. In this case, however, the issue of gross negligence or punitive damages was not before the jury. Gonzalez did not bring a gross negligence claim against Felix, and although she pleaded them in her petition, she did not submit a question on punitive damages to the jury. Felix's state of mind was not an issue in the case.

■ Gonzalez also relies on *McEwen v. Wal–Mart Stores, Inc.*, 975 S.W.2d 25 (Tex.App.-San Antonio 1998, no writ). In *McEwen*, we held that, notwithstanding the general rule proscribing the admission of prior acts, evidence of similar accidents is admissible if the "earlier accidents occurred under reasonably similar but not necessarily identical circumstances." *McEwen*, 975 S.W.2d at 29. However, *McEwen* was a premises liability case, and we held the exclusion of similar accidents was reversible because such evidence was relevant to demonstrate the premises owner had *notice* of the condition causing the accident.[2] Gonzalez brought a negligence case against Felix, where she was required to prove duty, breach, proximate cause and damages, not notice. *McEwen* is inapplicable to this case. We hold the trial court abused its discretion in admitting evidence of Felix's prior accident.

### Spoliation of Evidence

■ Felix also argues the trial court abused its discretion in instructing the jury on spoliation of evidence. After Gonzalez argued Felix failed to produce a recorded statement given to his insurance adjuster, the court submitted an instruction permitting the jury to infer that the recorded statement, if produced, contained information unfavorable to Felix.[3] We note that the trial court also submitted a spoliation instruction as to photographs not produced by Felix; however, because Felix does not challenge the instruction as to the photographs on appeal, we need not address the propriety or impropriety of that instruction. We review the trial court's submission of the spoliation instruction as to the recorded statement under an abuse of discretion standard. *See Tex. Dep't of Human Servs. v. E.B.*, 802 S.W.2d 647, 649 (Tex.1990).

■ Generally, two rules apply to presumptions that derive from the nonproduction of evidence. One, intentional spoliation of evidence raises a presumption that the evidence would have been unfavorable to the spoliator. *Wal–Mart Stores, Inc. v. Middleton*, 982 S.W.2d 468, 470 (Tex.App.-San Antonio 1998, pet. denied). Two, unintentional spoliation or the failure to produce evidence within a party's control raises a rebuttable presumption that the missing evidence would be unfavorable to the nonproducing party. *Ordonez v. M.W. McCurdy & Co., Inc.*, 984 S.W.2d 264, 273 & n. 11 (Tex. App.-Houston [1st Dist.] 1998, no pet.). However, if the nonproducing party testifies as to the substance or content of the missing evidence, an opposing party is not entitled to

---

**2.** *Id.* at 30. In *McEwen*, we held that the evidence of similar events was admissible if the plaintiff first establishes: (1) a predicate of similar or reasonably similar conditions, (2) connection of the conditions in some special way, or (3) that the incidents occurred by means of the same instrumentality. *Id.* at 29.

**3.** The jury was instructed "that if recorded statements ... which are material to issues in this case and which were in the exclusive possession, custody, and control of the Defendant and which were not produced and their disappearance has not been satisfactorily explained, then you may consider that such recorded statements ... contained information unfavorable to the position taken by the Defendant."

the presumption. *Brewer v. Dowling,* 862 S.W.2d 156, 159 (Tex.App.-Fort Worth 1993, writ denied).

In this case, there is no evidence that a recorded statement was ever taken. Although Felix testified he gave a recorded statement to his adjuster, he later clarified that he had merely assumed the statement had been recorded. Felix never saw a transcription of his statement, and the litigation manager for his insurance company confirmed that no recorded statement had been taken. The record also demonstrates that any written notes taken by adjusters during additional phone conversations with Felix were turned over to Gonzalez. We also note that Felix testified and was cross-examined by Gonzalez's counsel regarding the details of the accident. Because there was no evidence of intentional spoliation and because Felix testified as to the circumstances of the accident, the trial court abused its discretion in submitting a spoliation instruction to the jury.

### Harmless Error Analysis

We conduct harmless error analysis to determine whether the errors made by the trial court are reversible. We reverse the judgment based on evidentiary rulings or charge error only if we find the error was reasonably calculated to cause and probably did cause rendition of an improper judgment. Tex.R.App. P. 44.1(a); *Gee v. Liberty Mut. Fire Ins. Co.,* 765 S.W.2d 394, 396 (Tex.1989); *Island Recreational Dev. Corp. v. Republic of Tex. Sav. Ass'n,* 710 S.W.2d 551, 555 (Tex. 1986).

In reviewing the evidentiary rulings, we note that this case was a swearing match, with Gonzalez claiming Felix caused the accident and Felix claiming Gonzalez caused the accident. The case turned on who caused the initial contact leading to Gonzalez's collision with the median. The exclusion of a statement from a disinterested eyewitness about how Gonzalez, not Felix, initiated the contact was reasonably calculated to cause and probably did lead to the rendition of an improper judgment. Likewise, the admission of Felix's prior accident, which Gonzalez used to imply conformity on the day in question also probably led to the rendition of improper judgment. These evidentiary rulings, reviewed either independently or collectively, constitute reversible error.

In addition, submission of the spoliation instruction improperly focused the jury's attention on Felix's failure to produce a recorded statement. *See Middleton,* 982 S.W.2d at 471. Further, Gonzalez's attorney emphasized the presumption, telling the jury:

> Did you ever wonder why—I mean, why on earth with all of the photographs that were taken and all of the—involvement with what the lawyers call discovery, fact finding, and digging up documents, you name it, taking depositions, videotaped or otherwise, why wasn't that statement produced?

> I submit to you that it had a different version, a different version that his side and his side only could have shared with you and Colleen, and he hasn't been able to present it. And it's there for a reason, because it would be otherwise unfair to make a party produce something that they cannot—in hindsight cannot ever produce it.

Because of the improper instruction and Gonzalez's counsel's emphasis on spoliation, the jury's attention was focused on an unwarranted presumption that the recorded statement, if admitted, would have contained information unfavorable to the position taken by Felix. We hold the improper submission of the spoliation in-

struction was reasonably calculated to and probably did result in the rendition of an improper judgment.

## Conclusion

We sustain all three issues raised by Felix on appeal. The judgment is reversed and the matter is remanded to the trial court for a new trial.