

## Fourth Court of Appeals

### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-23-00526-CV

Bianca **FOX**,
Appellant

v.

**CYPRESS AT STONE OAK**,
Appellee

From the County Court At Law No. 10, Bexar County, Texas
Trial Court No. 2023CV01033
Honorable Cesar Garcia, Judge Presiding

Opinion by:     Liza A. Rodriguez, Justice

Sitting:          Luz Elena D. Chapa, Justice (concurring in the judgment only)
                  Beth Watkins, Justice
                  Liza A. Rodriguez, Justice

Delivered and Filed: November 27, 2024

AFFIRMED

This appeal arises from a landlord-tenant dispute. Bianca Fox sued her landlord, Cypress at Stone Oak ("Cypress"), alleging it failed to repair or remedy conditions that materially affected the health or safety of an ordinary tenant. After a nonjury trial, the trial court rendered a take-nothing judgment on Fox's claims. On appeal, Fox complains the trial court erred by (1) compelling her to testify at trial, (2) refusing to admit video evidence, (3) not providing reasoning in the judgment, and (4) denying her request for a jury trial. We affirm.

**BACKGROUND**

On December 29, 2022, Fox filed the underlying suit against Cypress in justice court, alleging it had failed to make diligent efforts to repair or remedy a toilet and a refrigerator in her apartment. In her petition, Fox asked the trial court to order Cypress to repair the complained-of conditions and award her damages for hotel costs in the amount of $6,400.00 plus interest. When Fox failed to appear for trial, the justice court entered a take-nothing judgment against her. Fox timely appealed the justice court's take-nothing judgment to the county court at law.

On May 5, 2023, the county court at law held a trial de novo. The only evidence Fox presented was her own testimony. Fox testified that she started noticing "issues with the toilet in the master bedroom" as soon as she moved into the apartment, which was in July 2022. She further testified the toilet "didn't flush when there was urine and feces in it . . . . It may [have] flush[ed] when nothing [was] in it, but if urine and feces and toilet paper [were] in it, it took like three or four flushes." Fox added that "every time [she] used the restroom, [she] sent [the property manager] a video of it not flushing. And still [the property manager] would not send someone to fix it." Fox claimed the toilet caused the master bedroom to smell like a sewer. Because of the foul odor, she and her family vacated the apartment and went to stay in a hotel temporarily. Fox acknowledged that by December 2022, Cypress had "fix[ed] [the toilet] to where it was flushable." However, Fox subsequently testified the toilet still did not "properly completely flush[]" because "you kind of have to rig it to flush, but it actually flushes. You have to do something special for it to flush." Fox further testified that she could not use the refrigerator because it had an unbearable odor and a pest infestation. Fox claimed that because Cypress never sent anyone to fix the refrigerator, she had to take care of it herself. At the end of her testimony, Fox asked the trial court to order Cypress to repair the toilet, replace the refrigerator, and reimburse her for hotel costs.

Thereafter, Cypress presented testimony from its property manager, Chesley Lewis, who claimed that Cypress was responsive to Fox's complaints about the toilet and the refrigerator. Cypress sent six different maintenance technicians to inspect the toilet in question, and each of them concluded the toilet was working properly. Lewis explained that Fox's toilet, like all the toilets in the apartment complex, was equipped with a water-saving device. Because of this feature, the handle had to be held down for the toilet to flush completely; merely tapping the handle would not suffice. Lewis further testified that when Fox complained about gnats in the refrigerator, Cypress sent a maintenance technician to inspect it. The technician concluded the gnats were caused by the presence of rotten food, which should have been thrown away by Fox. Nevertheless, the technician addressed Fox's complaint by spraying the area.

Next, Cypress presented multiple documents, which were admitted into evidence. These documents included the parties' lease agreement, emails between the parties, a manager's notes about the work performed on Fox's apartment, and excerpts from Cypress's work order logs. The documents supported Lewis's contention that Cypress sent maintenance technicians to Fox's apartment to address her complaints about the toilet and the refrigerator.

Finally, Cypress's attorney testified about her attorney's fees in this case. Cypress presented its attorney's billing records, which were admitted into evidence.

The trial court signed a final judgment ordering Fox to take nothing on her repair and remedy claims and pay Cypress $5,000.00 in attorney's fees. Findings of fact and conclusions of law were not requested or filed. *See* TEX. R. CIV. P. 296. Fox appealed.

### OVERVIEW OF REPAIR OR REMEDY CLAIMS

Chapter 92 of the Texas Property Code governs the rights, duties, and liabilities of residential landlords and tenants, including the landlord's obligation to repair or remedy certain

conditions on leased property. *See* TEX. PROP. CODE §§ 92.052, 92.056(b). A tenant who succeeds in proving a repair or remedy claim may be entitled to various judicial remedies, including an order directing the landlord to take reasonable action to repair or remedy the condition, and a judgment against the landlord for the tenant's actual damages. TEX. PROP. CODE § 92.0563(a); *Topletz v. Choice*, No. 05-22-00781-CV, 2023 WL 5363731, at *6 (Tex. App.—Dallas Aug. 22, 2023, pet. denied).

To establish a landlord's liability for failing to repair or remedy a condition under chapter 92, the plaintiff must establish (1) the existence of a landlord-tenant relationship; (2) a condition on the leased property materially affected the physical health or safety of an ordinary tenant; (3) the condition either (i) was caused by normal wear and tear, or (ii) was not caused by the tenant, her family member, her guest, or a lawful occupant; (4) the tenant gave the landlord notice to repair or remedy the condition; (5) the tenant was not delinquent in paying rent when notice of the condition was given; and (6) the landlord had a reasonable time to repair or remedy the condition but did not make a diligent effort to do so. *Hamaker v. Newman*, No. 02-19-00405-CV, 2022 WL 714554, at *12 (Tex. App.—Fort Worth Mar. 10, 2022, no pet.); *see* TEX. PROP. CODE §§ 92.052(a),(b), 92.056(b). Notably, chapter 92 does not require the landlord to successfully repair or remedy a materially harmful condition; rather, it requires the landlord to make a "diligent effort." *Hamaker*, 2022 WL 714554, at *13 (citing TEX. PROP. CODE § 92.056(b)(5)); *see Griesinger v. Centennial Westway Park*, *LP*, No. 09-21-00124-CV, 2023 WL 4778098, at *5-6 (Tex. App.—Beaumont July 27, 2023, no pet.) (discussing significance of landlord's failure to exercise reasonable diligence in failure to repair or remedy claims).

**APPELLANT'S BRIEFING**

Fox appeared pro se in the trial court and appears pro se in this appeal. "Although we liberally construe pro se litigants' pleadings and briefs, we also hold them to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure." *Fleming v. NASA Fed. Credit Union*, No. 04-21-00555-CV, 2023 WL 242728, at *1 n.2 (Tex. App.—San Antonio Jan. 18, 2023, no pet.). "To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel." *Minor v. Red Hook Crab Shack LLC*, No. 04-21-00377-CV, 2022 WL 3219869, at *2 (Tex. App.—San Antonio Aug. 10, 2022, pet. dism'd w.o.j.). "On appeal, as at trial, the pro se appellant must properly present [her] case." *Carreon v. Kelly*, No. 04-21-00538-CV, 2023 WL 3733918, at *6 (Tex. App.—San Antonio May 31, 2023, no pet.); *see Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) ("A *pro se* litigant is required to properly present her case on appeal, just as she is required to properly present her case to the trial court.").

The rules of appellate procedure require an appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). When an appellant's brief fails to satisfy rule 38.1(i)'s requirements, it presents nothing for our review. *Tchernowitz v. The Gardens at Clearwater*, No. 04-15-00716-CV, 2016 WL 6247008, at *1 (Tex. App.—San Antonio Oct. 26, 2016, no pet.).

During the briefing stage of this appeal, we struck Fox's initial brief because it failed to contain "a clear and concise argument of the contentions made, with appropriate citations to authorities and to the [appellate] record" as required by rule 38.1(i). We ordered Fox to file an amended brief correcting these deficiencies. Like her initial brief, her amended brief failed to comply with rule 38.1(i). Instead of striking her amended brief, we notified Fox that her amended

brief remained deficient under rule 38.1(i), but we would not require her to file another amended brief. We also notified Fox that if the noted deficiencies were not corrected prior to submission, the court might determine she waived one or more issues under rule 38.1(i). In response, Fox filed a motion for leave to file a second amended brief, which we granted. Fox then filed a second amended brief, which we rely on in deciding this appeal.

## DISCUSSION

In her second amended brief, Fox argues the trial court erred by (1) compelling her to testify at trial, (2) refusing to admit video evidence, (3) not providing reasoning in its judgment, and (4) denying her request for a jury trial.

### *"Compelling" Fox's Testimony*

In her first issue, Fox complains the trial court erred by "compelling" her to testify at trial. However, we disagree with Fox's characterization of the record. At the beginning of the trial, the trial court explained to Fox that because she was the plaintiff she had the burden of proof in this case. The trial court then asked Fox if she planned to call any witnesses to testify besides herself. Fox told the trial court that she did not have any other witnesses. Fox then took the witness stand without objection and proceeded to testify. Therefore, the record shows the trial court did not compel Fox to testify.

Further, the only legal authority Fox cites to support this complaint is the Fifth Amendment to the United States Constitution. Specifically, Fox states: "The Fifth Amendment protects an individual from self-incrimination, and being forced to testify can infringe upon this right. Although I did not incriminate myself, I would have preferred to present the physical evidence I had against [Cypress]." Fox does not explain how the Fifth Amendment has any bearing on her complaint. Because Fox cites no applicable authority to support this complaint, it is inadequately

briefed and presents nothing for our review. *See* TEX. R. APP. P. 38.1(i); *Tchernowitz*, 2016 WL 6247008, at *3.

### Exclusion of Evidence

In her next issue, Fox complains about the trial court's refusal to admit video evidence, which purportedly showed the toilet not flushing completely. Before Fox took the witness stand, she told the trial court she had video evidence on a flash drive. Later, while testifying, Fox stated she had "videos of [her] toilet not flushing feces," which she was "happy to show" the trial court. The trial court responded that it did not need to see the videos. At the end of the trial, after the trial court told the parties it would rule by the end of the day, Fox complained that she "did not get to admit evidence." The trial court then stated: "During your case in chief you have to ask for that. But I have your testimony . . . I heard your oral testimony about it."[1]

We may reverse a trial court's judgment based on an error in the admission or exclusion of evidence only if we conclude (1) the trial court did in fact commit error, and (2) the error was reasonably calculated to cause and probably did cause rendition of an improper judgment. *McEwen v. Wal-Mart Stores, Inc.*, 975 S.W.2d 25, 27 (Tex. App.—San Antonio 1998, pet. denied). In determining error, we review the trial court's admission or exclusion of evidence for an abuse of discretion. *See id*. To determine if the excluded evidence was reasonably calculated to cause and probably did cause rendition of an improper judgment, we review the entire record. *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001); *In re E.A.G.*, 373 S.W.3d 129, 144 (Tex. App.—San Antonio 2012, pet. denied). "Typically, a successful challenge to a trial

---

[1] Fox did not make the video evidence part of the appellate record. *See* TEX. R. EVID. 103(a)(2); TEX. R. APP. P. 33.2. However, because Fox informed the trial court of the substance of the video evidence, we assume, without deciding, this complaint is preserved for appellate review. *See* TEX. R. EVID. 103(a)(2) (providing a party may claim error in a ruling excluding evidence only if it affects a substantial right of the party and the party informs the trial court of the substance of the evidence by an offer of proof, unless the substance is apparent from the context); *In re C.S.*, No. 04-20-00421-CV, 2021 WL 5496159, at *2 (Tex. App.—San Antonio Nov. 24, 2021, no pet.) (assuming, without deciding, that statement made by counsel during opening statement was a sufficient offer of proof).

court's evidentiary rulings requires the complaining party to demonstrate that the judgment turns on the particular evidence excluded or admitted." *Interstate Northborough P'ship*, 66 S.W.3d at 220; *In re E.A.G.*, 373 S.W.3d at 144. Ordinarily, we "will not reverse a judgment because a trial court erroneously excluded evidence when the evidence in question is cumulative and not controlling on a material issue dispositive to the case." *Interstate Northborough P'ship*, 66 S.W.3d at 220; *In re E.A.G.*, 373 S.W.3d at 144-45.

In analyzing this complaint, we assume, without deciding, the trial court committed error by excluding the video evidence. *See McEwen*, 975 S.W.2d at 27. Turning to the second part of the analysis, we determine if the error was reasonably calculated to cause and probably did cause rendition of an improper judgment. *See id.*

After reviewing the entire record, we conclude the judgment did not turn on the excluded video evidence. *See Interstate Northborough P'ship*, 66 S.W.3d at 220; *In re E.A.G.*, 373 S.W.3d at 144–45. First, the excluded video evidence was cumulative. Fox testified in detail about how the toilet did not flush completely when it contained urine, feces, and toilet paper. Second, the excluded video evidence was not controlling on a material issue dispositive to the case. Among other things, Fox was required to prove that Cypress failed to make a diligent effort to repair the toilet. *See Hamaker*, 2022 WL 714554, at \*13 (explaining that chapter 92 does not require a landlord to successfully repair or remedy a materially harmful condition, but it does require a landlord to make a diligent effort); *accord Griesinger*, 2023 WL 4778098, at \*6; *see also* TEX. PROP. CODE § 92.056(b)(5). However, based on other evidence, the trial court could have properly found that Cypress did make a diligent effort to repair the toilet. *See Griesinger*, 2023 WL 4778098, at \*6; *Hamaker*, 2022 WL 714554, at \*13; TEX. PROP. CODE § 92.056(b)(5). Cypress's property manager testified that Cypress sent six different maintenance technicians to inspect and

work on the toilet in Fox's apartment. Documents admitted into evidence showed Cypress's technicians "snaked" the toilet and ensured it was flushing properly multiple times. Because the excluded video evidence was cumulative and not controlling on a material issue dispositive to Fox's claim concerning the toilet, the trial court's exclusion of this evidence did not result in an improper judgment. *See Interstate Northborough P'ship*, 66 S.W.3d at 220; *In re E.A.G.*, 373 S.W.3d at 144–45; *see also* TEX. R. APP. P. 44.1(a)(1).

### *The Judgment*

In her third issue, Fox complains about the contents of the trial court's judgment, which states in relevant part:

> [A]fter hearing arguments and considering pleadings, and evidence, the Court finds in favor of the Defendant. **It is therefore**
>
> ORDERED, ADJUDGED AND DECREED, that Plaintiff, BIANCA FOX, do have and recover nothing from Defendant, CYPRESS AT STONE OAK, for her claims and causes of action asserted in this case. **It is further**
>
> ORDERED, ADJUDGED AND DECREED that **CYPRESS AT STONE OAK** recover judgment from Bianca Fox for its reasonable and necessary attorney's fees in the amount of $5,000.00 for services rendered in connection with the trial of this matter.

In this part of her brief, Fox contends the trial court erred because "[j]udges are required to provide reasoned judgments that explain the basis for their decisions." She further contends: "The absence of any reasoning for a judgment may violate the right to a fair and impartial trial." The only authority Fox cites to support her complaint about the contents of the judgment is the Seventh Amendment to the United States Constitution, which establishes the right to a jury trial in a civil case filed in federal court. *See Golden Eagle Archery, Inc. v. Jackson*, 24 S.W.3d 362, 374 (Tex. 2000) ("The right to a jury trial in civil cases in federal courts is found in the Seventh Amendment, but it has never been extended to the states."). Because this complaint is not supported by

appropriate citations to authorities, it is inadequately briefed and presents nothing for our review. *See* TEX. R. APP. P. 38.1(i); *Tchernowitz*, 2016 WL 6247008, at *3.

### *No Jury Trial*

In her fourth issue, Fox complains the trial court failed to grant her request for a jury trial. The right to a jury trial in a civil case in Texas courts is not self-executing and a litigant must take certain steps to invoke and perfect her jury trial right. *Matter of Troy S. Poe Tr.*, 646 S.W.3d 771, 778 (Tex. 2022); *see* TEX. R. CIV. P. 216 ("Request and Fee for Jury Trial"). "When a party has perfected [her] right to a jury trial but the trial court instead proceeds to trial without a jury, the party must either object on the record to the trial court's action or indicate affirmatively in the record it intends to stand on its perfected right to a jury trial." *Arredondo v. Betancourt*, 383 S.W.3d 730, 746 (Tex. App.—Houston [14th Dist.] 2012, no pet.). "[T]he Texas Supreme Court has made it clear if a trial court begins to proceed with a bench trial and a demanding party wishes to stand on its perfected right to jury trial, the demanding party 'must ensure that the court is aware of the demand.'" *Murray v. Murray*, No. 04-21-00416-CV, 2023 WL 4095258, at *3 (Tex. App.—San Antonio June 21, 2023, no pet.) (quoting *Browder v. Moree*, 659 S.W.3d 421, 423 (Tex. 2022)). "Failure to do so constitutes a waiver" of the demanding party's perfected right to a jury trial. *See id*.

Here, the record shows that Fox requested a jury trial in her petition, but it is not clear from the record that the jury fee was ever paid. Nevertheless, for purposes of addressing this complaint, we assume Fox properly perfected her jury trial request. The record shows that when the trial court called the case for trial, Fox did not object to the trial going forward without a jury or otherwise inform the trial court she was standing on her request for a jury. Because Fox did not object to proceeding to trial without a jury or inform the trial court she was standing on her request for a

jury, her complaint about the trial court's failure to grant her request for a trial by jury is waived. *See Murray*, 2023 WL 4095258, at *3 (concluding pro se litigant waived her perfected right to a jury trial when she failed to bring her jury trial demand to the trial court's attention in a timely manner); *In re M.P.B.*, 257 S.W.3d 804, 811 (Tex. App.—Dallas 2008, no pet.) (concluding party waived his right to complain on appeal about nonjury trial when he failed to object in the trial court to the case going forward without a jury).

## CONCLUSION

The trial court's judgment is affirmed.

Liza A. Rodriguez, Justice