**Nola NORTON, Appellant,**

v.

**Roy L. MARTIN d/b/a Roy L. Martin & Associates, Appellee.**

No. 04–84–00476–CV.

Court of Appeals of Texas, San Antonio.

Nov. 27, 1985.

Rehearing Denied Dec. 23, 1985.

Writ Filed Jan. 9, 1986.

James R. Warncke, San Antonio, for appellant.

John Milano, San Antonio, for appellee.

Before ESQUIVEL, BUTTS and REEVES, JJ.

OPINION

ESQUIVEL, Justice.

This is an appeal from a take-nothing judgment rendered in favor of appellee, Roy L. Martin d/b/a Roy L. Martin & Associates (Martin), and against appellant, Nola Norton (Norton). Norton sued Martin, the owner of South Park Mall; sued Bear Audio Visual, Inc., a company which

provided sound equipment; sued David Cruz, d/b/a Image Builders; and sued Command Post, Inc., d/b/a Command Performance, My Child's Hair, and other assumed names, seeking damages in excess of $10,000.00 for personal injuries which she suffered when she allegedly tripped and fell on an electrical wire which had been negligently placed upon the floor of South Park Mall.

On June 9, 1983, Martin filed an original answer which contained a general denial, a prayer for indemnity and contribution, and alleged that Norton was guilty of various acts or omissions which were negligence. The other three co-defendants filed similar answers. Various parties made answers to interrogatories. Norton filed a non-suit of Command Post on April 23, 1984. Martin, Image Builders, and Bear Audio Visual filed a motion to dismiss their cross-action against the defendant, Command Post, and the court ordered the dismissal. Norton amended his original petition on May 11, 1984, thereby deleting Command Post as a defendant.

The record reflects that on July 10, 1982, Norton and her six-year-old granddaughter visited South Park Mall for a children's program being held by Command Post and conducted by David Cruz d/b/a Image Builders, in the common area of the shopping center. On arriving at the Mall, Norton and her granddaughter went to the ladies room. Norton allowed her granddaughter to leave the restroom and wait for her in the center court area where the children's program was to take place. Norton left the restroom and proceeded to look for her granddaughter. As Norton approached the area where the children's program was being held, she either tripped over or collapsed near some speaker wire in use by David Cruz d/b/a Image Builders for the children's program. Norton was picked up by her husband who eventually took her to a local hospital. She was diagnosed as suffering a fractured hip which necessitated corrective surgery involving the insertion of a metal pin. At the close of Norton's case, the trial court granted instructed verdicts in favor of Bear Audio

Visual, Inc. and David Cruz d/b/a Image Builders.

Special issues were submitted to the jury on Norton's contention that, while a business invitee on the South Park Mall premises, she tripped and fell on an electrical wire negligently placed and/or maintained upon the floor. The jury found that the wire in question did not pose an unreasonable risk of harm. The jury failed to find Norton negligent in failing to keep a proper lookout at the time of the accident. The jury responded to all special issues on damages with the answer "zero."

Based on these findings the trial court entered a take nothing judgment against Norton and in favor of Martin. Norton filed a motion for new trial which was denied after a hearing.

In point of error number one, Norton alleges that the trial court committed prejudicial error in excluding the deposition testimony of the witness Darrell L. Brown, a maintenance employee of Martin. In point of error number two, Norton alleges that the jury's failure to find any damages on the special issues submitted was without evidentiary support.

In determining whether a judgment should be reversed on an error of law by the trial court, this court is bound by TEX. R.CIV.P. 434 which states as follows:

When the judgment or decree of the court below shall be reversed, the court shall proceed to render such judgment or decree as the court below should have rendered, except when it is necessary that some matter of fact be ascertained or the damage to be assessed or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial.

Provided, first, that no judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appel-

lant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court; and if it appear to the court that the error affects a part only of the matter in controversy and that such part is clearly separable without unfairness to the parties, the judgment shall only be reversed and a new trial ordered as to that part affected by such error, provided that a separate trial on unliquidated damages alone shall not be ordered if liability issues are contested.

Provided, second, that if the erroneous action or failure or refusal of the trial judge to act shall prevent the proper presentation of a cause to the Court of Appeals, and be such as may be corrected by the judge of the trial court, then the judgment shall not be reversed for such error, but the appellate court shall direct the said judge to correct the error, and thereafter the Court of Appeals shall proceed as if such erroneous action or failure to act had not occurred.

In reviewing the record, the testimony of Mary Holloway, a practical nurse, was that she had no knowledge of any medical problems of her co-worker Norton before the accident. The testimony of Niheli Rose Stewart, daughter of Norton, was that she had no knowledge of any hip problems suffered by her mother prior to the contested incident. Norton's granddaughter, Donna Marie Norton, testified she saw her grandmother after she fell and could not remember many details. Nola Mae Norton testified that she tripped over the speaker wire because the tape used to secure the wire to the floor was not placed correctly. Norton stated that the edge of the tape did not adhere to the floor and her foot was caught under the tape. However, Norton also testified that she was not looking at the floor or where she was going.

The evidence also shows that David Cruz, through his public relations firm, Image Builders, promoted the children's program for "My Child's Hair." David Cruz testified that he contacted Bexar Audio Visual to provide the rental sound equipment, setup and teardown; that Image Builders did no supervision of the setup or teardown, and was approximately forty-five minutes late. Cruz also testified that Donna Marie Norton told him her grandmother Norton was sick. David Cruz further testified that he did not see the speaker wire picked up nor did he see Norton after the show; also, that he did not know who laid the wires.

The trial court considered the deposition of Darrell L. Brown. Deponent Brown was a former maintenance worker for South Park Mall, who was working on the date and time in question. Norton sought to introduce an excerpt from Brown's deposition but the trial court excluded it.

Norton then called Craig Allen, a Bexar Audio Video technician, as an adverse witness. The testimony of Allen revealed that he and his company were responsible for all equipment, wires and tape. Allen testified that mall maintenance personnel, instead of Bexar Audio Video employees, placed and taped the speaker wires; that the reason mall employees were used was because Cruz was late and left Allen with only ten minutes, instead of one hour, to set up the sound equipment. Allen further testified that mall employees taped the speaker wire with three-inch strips of tape laid crossways; that customarily, Bexar technicians placed tape in single strips crossways over speaker wires. Also, Allen testified that Bexar Audio admitted giving up their responsibility for installing speaker wires to South Park Mall employees without properly instructing them in the installation of a sound system; however, Allen inspected the installation of all sound equipment and approved the setup.

Testimony was submitted by deposition as to Norton's injuries. Dr. Jacques Van Ryn, a resident orthopedic surgeon at Wilford Hall Hospital stated that a pre-existing urinary infection and osteoporosis condition did not contribute to the hip fracture she suffered.

Carmen Espinosa, a South Park Mall Merchants' Association member in charge of promotions, stated that Norton mentioned that she was weak and should not have been at the mall.

In support of his point of error number one, Norton argues that the excluded deposition testimony of deponent Brown was admissible as a statement made by an agent or employee of a party. In developing this point of error, Norton's argument consists of three parts.

First, it was error to admit the following testimony of witness Allen:

Q: How did you know Mrs., or how did you find out that Mrs. Norton had fallen?

A: Well, Mr. Cruz was in the middle of his MC postion [sic] and turned around and said that there was a commotion over by that column and asked me if I'd go find out what it was. And I walked around and tapped a gentleman on the shoulder who was down at her feet and said, and asked him what the problem was and he said that she had collapsed.

over the objections to the testimony by Norton.

Second, Norton alleges it was fatal error to exclude the following:

Q: Do you remember anything about a woman falling out there that day?

A: Someone came and told me that someone had fell.

Q: What did they tell you?

A: I think they told me she tripped over a wire or something.

Q: Do you remember who told you that?

A: No.

Q: One of the people that worked for your crew?

A: Yes, sir, I think so.

Martin objected to the admission of the statement as being inadmissible hearsay. Norton argued the statement was not hearsay and was admissible as an exception to the hearsay rule under TEX.R.EVID. 801(e)(2)(D). The court refused to permit the statement on the basis that Norton failed to prove the existence of an agency relationship since the identity of the declarant was unknown.

Third, Norton alleges that the admission of witness Allen's testimony over her objection and the exclusion of deponent Brown's deposition testimony was a prejudicial error of law by the trial court. As such, Norton argues that the declaration that "she fell" was made more prejudicial. Norton urges that this error resulted in a denial of Norton's rights and the rendition of an improper judgment.

We choose to limit ourselves to a discussion of the excluded testimony by deposition of deponent Brown because the question of the admissibility of Allen's testimony is not properly before us. Accordingly, we must first determine if the statement of the declarant is hearsay. If the statement is hearsay, we next determine if it falls within any exceptions to the hearsay rule in Texas. If the statement does fall within a hearsay exception, we finally must determine if the trial court's exclusion of the testimony was harmless error.

In analyzing point of error number one, we are governed by the provisions of TEX. R.EVID. 801, the pertinent provisions of which are as follows:

Rule 801. *Definitions*

\*  \*  \*  \*  \*  \*

(d) *'Hearsay'* is a statement other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

(e) *Statements which are not hearsay.* A statement is not hearsay if—

\*  \*  \*  \*  \*  \*

(2) *Admission by party opponent.* The statement is offered against a party and is ...

\*  \*  \*  \*  \*  \*

(D) a statement by his agent or servant concerning a matter within the

scope of his agency or employment during the existence of the relationship,

....

It is clear that the declarant's statement, offered through deponent Brown's deposition testimony, was offered for the statement's truth to prove an element of Norton's cause of action. However, according to TEX.R.EVID. 801(e)(2)(D) the statement is not hearsay if it is made by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship. This court has found three Texas cases which interpret this new Rule of Evidence.

The first Texas case interpreting TEX.R.EVID. 801(e)(2)(D) is *Yellow Freight System, Inc. v. North American Cabinet Corp.*, 670 S.W.2d 387, 390 (Tex.App.—Texarkana 1984, no writ). The court in *Yellow Freight* was faced with evidence of an oral agreement between a shipper and a carrier. The court held that the evidence was admissible in the shipper's action to recover for damage to some property in transit even though the witness for the shipper could not remember the name of the representative in the carrier's office who handled the property. The court reasoned that the inability to identify the carrier's agent affected only the weight and credibility of the testimony and not its admissibility.

The second case interpreting TEX.R.EVID. 801(e)(2)(D) is *Elliot Valve Repair Co. v. B.J. Valve & Fitting Co.*, 675 S.W.2d 555, 562 (Tex.App.—Houston [1st Dist.] 1984, *rev'd on other grounds*, 679 S.W.2d 1 (Tex.1984). The court in *Elliot Valve Repair* was faced with a suit on a sworn account for a company's alleged failure to pay for a certain valve. In a telephone conversation with the plaintiff, an inside salesperson for the defendant company had agreed to purchase a valve on behalf of the company. The court held that the company's salesperson's conversation with plaintiff was not hearsay. The court reasoned that the statement was made by an agent of the company within the scope of his agency or employment in view of the testi-mony of the company's president that its salespeople had authority to search for outside suppliers of valves.

The third case interpreting TEX.R.EVID. 801(e)(2)(D) is *Southmark Management Corp. v. Ronald Vick*, 692 S.W.2d 157, 160 (Tex.App.—Houston [1st Dist.] 1985, no writ). The court in *Southmark* was faced with evidence of a tenant's conversations with the landlord's property manager. The conversation concerned whether the tenant should continue an existing lease or sign a new lease. The court held that the conversation were not hearsay but admissions by the landlord through its employee concerning a matter within the scope of her employment and made during that employment.

Both *Southmark* and *Elliot Valve Repair* are cases distinguishable from the case before us. In each of the aforementioned two cases, the declarant was known and named unlike the declarant whose statement is relied on at bar. The *Yellow Freight* case is more akin to the case at bar. Like the case before us, the declarant in *Yellow Freight* was unknown. However, in *Yellow Freight*, the representative in the carrier's office was unknown because the witness for the shipper could not remember his name. In the case before us, the declarant, who is the alleged agent of deponent Brown, is simply not known. As deponent Brown's statement reflects:

Q: Do you remember who told you that?

A: No.

Q: One of the people that worked on your crew?

A: Yes sir, I think so.

■ Therefore, the case before us presents us with a question of whether a party may introduce an excerpt from a deposition of a non-party witness whose testimony contains a statement made by an unknown declarant, whom the deponent "thinks" was a fellow employee and the agent of the defendant. After a careful review of the case law and literature, we

hold that the trial court correctly excluded this evidence.

TEX.R.EVID. 801(e)(2)(D) is a significant change in prior Texas law on the subject of admissions. The new rule overturned the often criticized holding of *Big Mack Trucking Co. v. Dickerson,* 497 S.W.2d 283, 288 (Tex.1973). The *Big Mack* case had limited the category of statements of an agent or servant that are admissible against the principal or master to those statements that were within the scope of the employee's authority, if any, to speak on the principal's behalf. Wellborn III, *Article VIII: Hearsay,* 20 HOUS.L.REV. 477 (1983). The new Texas Rule of Evidence allows the admission of an agent or servant's statements, which were previously considered hearsay, so long as the statement is made during the existence of the employment relationship and that *concerns a matter within the scope of the employment.*

■■■ Whether the relationship of principal and agent exists under established facts is a question of law for the court. *Minneapolis-Moline Co. v. Purser,* 361 S.W.2d 239, 241 (Tex.Civ.App.—Dallas 1962, writ ref'd n.r.e.). Counsel for Norton in the case at bar alleges that the declarant in the excluded deposition testimony was a member of the maintenance crew whose duty was to police the mall floors. Norton further alleges that the declarant's statement was made on the very day of the event in question while working for Martin.

In reviewing the record, we are unable to locate Norton's basis of support for these allegations. The place in the statement of facts which Norton uses to show the declarant's duties refers to an answer given by an employee of Martin who was never identified as the declarant. Evidence as to the declarant's employment is not to be found in the record. The only basis for Norton's allegations are uncorroborated statements made by counsel for Norton in an in-camera hearing. Therefore, declarant in deponent Brown's testimony is virtually unknown.

■■■ Furthermore, deponent Brown's assertion that the declarant was a member of his maintenance crew is, at best, speculation. The status of agency is one of ultimate fact derived from the underlying facts and may be found from either direct or circumstantial evidence. *Stanford v. Dairy Queen Products of Texas,* 623 S.W.2d 797, 800-01 (Tex.App.—Austin 1981, writ ref'd n.r.e.). Where direct evidence of agency has been weak, as in the case at bar, Texas courts have set well defined requirements such as the relationship of the parties and their conduct concerning the transaction in controversy. *Johnson v. Texas Gulf Coast Corp.,* 359 S.W.2d 91, 94 (Tex.Civ.App.—San Antonio 1962, no writ). The testimony sought to be admitted in the case before us is unsupported by any other evidence in the record. The burden of proving agency rests upon the party affirming such agency, and it cannot be established by a mere assertion that such is known to be true without divulging the duties of the agent and character of his representation. *Deaton & Son v. Miller Well Servicing Co.,* 231 S.W.2d 944, 946 (Tex.Civ.App.—Amarillo 1950, no writ). The case at bar provides a clear example of Norton's failure to meet her burden. Since the identity of the declarant is unknown to Norton, it is easy to understand why Norton had difficulty proving the relationship of Martin and the declarant.

Even if this court were to accept Norton's proposition that the declarant was an agent of Martin, Norton failed to carry her additional burden to prove that the declarant's statement was *"made concerning a matter within the scope of his employment* and during the existence of the employment relationship." *See* TEX.R.EVID 801(e)(2)(D). (Emphasis added). The statement credited to the declarant can in no way, under the state of the record, be said to have been made concerning a matter within the scope of the declarant's employment.

■■■ In her first point of error, Norton also argues that this court should hold that it was fatal error to admit the testimony of

Craig Allen. As an adverse witness, Allen testified that a gentleman told him that Norton had collapsed. As this is the only evidence rebutting Norton's allegation that she tripped over the speaker wire, Norton alleges that it was fatal error for the trial court to admit this hearsay evidence. We hold that Norton waived error and it will not be considered by us. All assignments of error not brought as points of error in appellant's brief are waived. *Mullinax, Wells, Baab and Cloutman, P.C. v. Sage*, 692 S.W.2d 533, 536 (Tex.App.—Dallas 1985, no writ). In the case at bar we find no specific assignment of error directed to the testimony of Allen. The only reference to this testimony is Norton's argument that since it was hearsay and admitted, the court should have admitted Norton's offered deposition hearsay testimony.

Since the preceding discussion of point of error number one is dispositive, we will not consider Norton's second point of error.

Accordingly, the judgment of the trial court is affirmed.