**TUCKER'S BEVERAGES, INC. Appellant,**

v.

**Benny FOPAY and Susann Fopay, Appellees.**

No. 06–03–00119–CV.

Court of Appeals of Texas, Texarkana.

Submitted Aug. 25, 2004.

Decided Sept. 3, 2004.

Gregory D. Smith, Tom Henson, Ramey & Flock, PC, Tyler, for appellant.

Douglas C. Monsour, Laureen F. Bagley, Sloan & Monsour, PC, Longview, for appellees.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

MORRISS, Chief Justice.

About twenty minutes before his scheduled work shift was to begin the morning of February 5, 2001, Eddie Isaac Moore, Jr., tried to drive across State Highway 31 between two alcoholic beverage stores owned and operated by his employer, Tucker's Beverages, Inc. Unfortunately, at the same time, Benny and Susann Fopay were traveling west on that highway and collided with Moore's vehicle, causing the Fopays serious personal injuries.[1] Moore acknowledged his fault in the accident. Tucker's vicarious liability as Moore's employer was, and is, disputed.

Why did Moore cross the road? On this question hangs the judgment[2] the Fopays obtained against Tucker's. Only if Moore's attempted highway crossing was within the course and scope of his employment with Tucker's, as the jury concluded it was, does the Fopays' judgment against Tucker's stand.

On appeal, Tucker's contends the trial court erred by admitting certain post-accident statements attributed to Moore by David Scott McAdams and Lawrence Gonzales and that, without these statements, the evidence is legally insufficient to support the Fopays' claims. McAdams, the

---

1. Among their injuries, Benny suffered a ruptured disk in his neck, a broken sternum, broken ribs, and a broken tail bone; Susann suffered a broken neck, a broken ankle, severe internal bleeding, and bruising of her lungs.

2. After hearing the evidence, a Harrison County jury found for the Fopays, and the trial court ordered Tucker's and Moore to pay them a total of $428,571.36, including prejudgment interest. The jury found that $388,000.00 would fairly and reasonably compensate Susann for her injuries and $24,000.00 would fairly and reasonably compensate Benny for his. The court calculated prejudgment interest on these amounts at $15,119.86 and $1,451.50, respectively.

first Texas Department of Public Safety officer on the scene, testified that, immediately after the accident, Moore said he was, at the time of the accident, transporting merchandise from Tucker's liquor store on the north side of the highway to Tucker's beer and wine store on the south side of the highway. Gonzales, a bystander, testified Moore told him after the accident that Moore was, at the time of the accident, picking up night deposits for Tucker's.

Those statements by Moore are important because they constitute the only non-circumstantial evidence that Moore was acting for Tucker's at the time of the accident. Their admissibility depends on whether they fall within the meaning of Texas Rule of Evidence 801(e)(2)(D) and the extent to which they must be corroborated by independent evidence before they are admitted into evidence. Because we find (1) that Moore's statements fit within Rule 801(e)(2)(D), and (2) that no independent evidence was needed before the admission of the statements, other than the existence of Moore's employment relationship with Tucker's—which was previously proven and undisputed—we conclude there was no error in admitting these statements. Therefore, we affirm.

*1. Moore's Statements Are Within Rule 801(e)(2)(D)*

■ A trial court's decision to admit or exclude evidence is a matter of discretion, *E.I. du Pont de Nemours & Co. v. Robinson,* 923 S.W.2d 549, 558 (Tex.1995), to be reversed only if the trial court acted arbitrarily, unreasonably, or without reference to any guiding rules or principles, *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). A trial court may also abuse its discretion by incorrectly analyzing or misapplying applicable law. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). Because a court of appeals may not substitute its judgment

for the trial court's judgment when reviewing matters committed to the lower court's discretion, we will, absent a showing of such abuse, leave the trial court's ruling undisturbed. *Walker v. Gutierrez,* 111 S.W.3d 56, 63 (Tex.2003); *E.I. du Pont de Nemours & Co.,* 923 S.W.2d at 558.

■ The Texas Rules of Evidence provide that an out-of-court statement offered against a party is not hearsay if the statement is "by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." TEX. R. EVID. 801(e)(2)(D). In other words, an employee's statements are admissible against his or her employer as long as the statements were made during the existence of the employment relationship and concern subject matter within the scope of employment. *Norton v. Martin,* 703 S.W.2d 267, 272 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.). It is undisputed, and had been previously admitted by Jim Davis, Tucker's corporate representative at trial, that Tucker's was Moore's employer on the date the accident occurred. The core dispute is whether Moore caused the accident while he was actually performing work for Tucker's.

Tucker's contends that, if the accident occurred when Moore was on a personal errand before his scheduled work shift began, any statements he made suggesting he was working at the time should have been deemed inadmissible hearsay. Citing trial testimony indicating the accident occurred approximately twenty minutes before Moore (or any other employee) was scheduled to start working at the liquor store, as well as Moore's own testimony that he was on a personal errand, Tucker's argues that the circumstantial evidence offered by the Fopays "was logically and legally incapable of supporting an ultimate inference of course and scope, especially in the face of contrary, undisputed facts."

Tucker's points out that, in addition to its claim its liquor store employees were never permitted to begin working before 10:00 a.m., Moore's presence on Tucker's property at 9:40 a.m. was no evidence that Moore was working because he typically began his days early by traveling up and down the highway, oftentimes parking under the trees on Tucker's property to eat breakfast and scratch lottery tickets. The above-recited facts, however, have little to do with the admissibility of Moore's statements following the accident.

Under the plain language of Rule 801(e)(2)(D), the trial court's evidentiary ruling should not have turned on whether Moore was actually performing duties for Tucker's at the time his statements against its interests were made.[3] Instead, because it was undisputed that Moore was Tucker's employee on the day of the accident, the trial court needed to determine only whether Moore's statements concerned a matter within the scope of his employment. *See* TEX.R.EVID. 801(e)(2)(D). And in this connection, this Court must determine whether the evidence provided an adequate basis on which the trial court could reasonably conclude that Moore's statements were made concerning a matter within the scope of his employment while employed by Tucker's. *See Norton*, 703 S.W.2d at 272.

The evidence clearly established that Moore was a Tucker's employee on the day of the accident, and there was ample evidence that his employment responsibilities included handling Tucker's merchandise and deposits. He prepared and loaded customers' beer, wine, and liquor orders and was asked once or twice a week to pick up deposits from Tucker's beer and wine store on the south side of the highway. It is also significant to note that the Texas Alcoholic Beverages Commission had, only months before, cited and fined Tucker's for transporting merchandise between its two stores. Based on these facts alone, the trial court could easily conclude Moore's statements—that he was transporting Tucker's merchandise and picking up night deposits—concerned matters within the scope of his employment. It is irrelevant to the admissibility question whether Moore was on duty at the time of the accident. Even an agent's casual conversation on the golf course may be an admission by a party-opponent if the statement in question concerns a matter within the scope of his or her employment. *Fojtik v. First Nat'l Bank of Beeville*, 752 S.W.2d 669, 671–72 (Tex.App.—Corpus Christi 1988, writ denied). We hold there was no error in the trial court's determination that Moore's statements were admissions by a party-opponent, governed by Rule 801(e)(2)(D).

### 2. Proof of Moore's Employment by Tucker's Is Sufficient Predicate

■ Tucker's asserts that, before Moore's statements could be admitted, the Fopays were required to prove, by independent corroborating evidence, that Moore was within the course and scope of his employment at the time he made the statements attributed to him by McAdams and Gonzales. We disagree.

■ Rule 801(e)(2)(D) specifies no independent corroboration requirement. See TEX. R. EVID. 801(e)(2)(D); *compare* TEX.R.EVID. 803(24) (statement against interest, with specific corroboration requirement in criminal cases). Before ad-

---

**3.** It is important here not to confuse the ultimate issue of vicarious liability—resting on whether Moore was at the time of the accident in the course and scope of his employment—with the trial court's determination of the admissibility of Moore's statements—resting on whether Moore was, at the time of the statements, an employee of Tucker's and whether his statements concerned matters within his employment.

mission of a statement under Rule 801(e)(2)(D), if it otherwise qualifies within the terms of the rule, the proponent must establish only the existence of the employment or agency relationship. *State v. Buckner Constr. Co.*, 704 S.W.2d 837, 846 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.) (citing *Tex. Gen. Indem. v. Scott*, 152 Tex. 1, 253 S.W.2d 651, 655–56 (1952)). Before the tender and admission of Moore's statements, the Fopays had firmly established, through Tucker's admission, that Moore was an employee of Tucker's on the day of the accident. For that reason, the statements were properly admitted. We affirm.[4]

*Conclusion*

Because the facts in this case are uncontradicted that Moore was employed by Tucker's on the day of the accident and because the statements attributed to him by witnesses McAdams and Gonzales concerned matters within the scope of his employment, we hold there was no error in admitting the statements pursuant to Texas Rule of Evidence 801(e)(2)(D). Accord-

ingly, we affirm the judgment of the trial court.

---

4. Even if Moore's statements had been excluded, there was still legally sufficient evidence to support the jury's conclusion that Moore was acting in the course and scope of his employment at the time of the accident. Although evidence of Moore's everyday pre-work habits and Tucker's claim that it never permitted its liquor store employees to begin working before 10:00 a.m. is instructive, it does little more than provide background of what probably happened on most workday mornings. Other evidence in the record, however, provides substantially more insight into what happened on the morning in question.

There was evidence that the liquor store's doors were sometimes unlocked fifteen or so minutes before it was scheduled to open. And there was evidence that Tucker's had employees who worked before opening time. Curtis Boozer—his real name—an employee who work at the beer and wine store, testified—and was never contradicted—that he started working at the beer and wine store at

7:00 a.m. on the morning of the accident and that he usually started working at 7:30 a.m., both before the 8:00 a.m. opening of that store. Around 9:00 a.m., Jim Davis, the corporation's president, arrived at the liquor store to work on deposits. After the accident took place at approximately 9:40 a.m., one witness said he saw bank bags on a seat of Moore's truck. Others testified they saw Moore picking up between two cases and 100 cans of beer that had been ejected from the truck. These he reloaded onto his truck, along with a work dolly. The testimony of three witnesses agrees that an unidentified man wearing a Tucker's uniform (not Davis, who was already at work) helped pry open one of the doors on the Fopays' mangled car before returning to the liquor store. Although Tucker's presented contradicting evidence, the jury was entitled to weigh the credibility of the witnesses and their testimony, either accepting or rejecting it in whole or in part. The evidence in this case was sufficient to support the jury's findings.