In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00119-CV
______________________________


TUCKER'S BEVERAGES, INC. Appellant
 
V.
 
BENNY FOPAY AND SUSANN FOPAY, Appellees


                                              

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 01-0338


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Chief Justice Morriss


O P I N I O N

            About  twenty   minutes   before  his  scheduled  work  shift  was  to  begin  the  morning  of
February 5, 2001, Eddie Isaac Moore, Jr., tried to drive across State Highway 31 between two
alcoholic beverage stores owned and operated by his employer, Tucker's Beverages, Inc. 
Unfortunately, at the same time, Benny and Susann Fopay were traveling west on that highway and
collided with Moore's vehicle, causing the Fopays serious personal injuries.


 Moore acknowledged
his fault in the accident. Tucker's vicarious liability as Moore's employer was, and is, disputed.
            Why did Moore cross the road? On this question hangs the judgment


 the Fopays obtained
against Tucker's. Only if Moore's attempted highway crossing was within the course and scope of
his employment with Tucker's, as the jury concluded it was, does the Fopays' judgment against
Tucker's stand. 
            On appeal, Tucker's contends the trial court erred by admitting certain post-accident
statements attributed to Moore by David Scott McAdams and Lawrence Gonzales and that, without
these statements, the evidence is legally insufficient to support the Fopays' claims. McAdams, the
first Texas Department of Public Safety officer on the scene, testified that, immediately after the
accident, Moore said he was, at the time of the accident, transporting merchandise from Tucker's
liquor store on the north side of the highway to Tucker's beer and wine store on the south side of the
highway. Gonzales, a bystander, testified Moore told him after the accident that Moore was, at the
time of the accident, picking up night deposits for Tucker's. 
            Those statements by Moore are important because they constitute the only noncircumstantial
evidence that Moore was acting for Tucker's at the time of the accident. Their admissibility depends
on whether they fall within the meaning of Texas Rule of Evidence 801(e)(2)(D) and the extent to
which they must be corroborated by independent evidence before they are admitted into evidence. 
Because we find (1) that Moore's statements fit within Rule 801(e)(2)(D), and (2) that no
independent evidence was needed before the admission of the statements, other than the existence
of Moore's employment relationship with Tucker's—which was previously proven and
undisputed—we conclude there was no error in admitting these statements. Therefore, we affirm.
1. Moore's Statements Are Within Rule 801(e)(2)(D)
            A trial court's decision to admit or exclude evidence is a matter of discretion, E.I. du Pont
de Nemours & Co. v. Robinson, 923 S.W.2d 549, 558 (Tex. 1995), to be reversed only if the trial
court acted arbitrarily, unreasonably, or without reference to any guiding rules or principles, Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42 (Tex. 1985). A trial court may also abuse
its discretion by incorrectly analyzing or misapplying applicable law. Walker v. Packer, 827 S.W.2d
833, 840 (Tex. 1992). Because a court of appeals may not substitute its judgment for the trial court's
judgment when reviewing matters committed to the lower court's discretion, we will, absent a
showing of such abuse, leave the trial court's ruling undisturbed. Walker v. Gutierrez, 111 S.W.3d
56, 63 (Tex. 2003); E.I. du Pont de Nemours & Co., 923 S.W.2d at 558.
            The Texas Rules of Evidence provide that an out-of-court statement offered against a party
is not hearsay if the statement is "by the party's agent or servant concerning a matter within the scope
of the agency or employment, made during the existence of the relationship." Tex. R. Evid.
801(e)(2)(D). In other words, an employee's statements are admissible against his or her employer
as long as the statements were made during the existence of the employment relationship and
concern subject matter within the scope of employment. Norton v. Martin, 703 S.W.2d 267, 272
(Tex. App.—San Antonio 1985, writ ref'd n.r.e.). It is undisputed, and had been previously admitted
by Jim Davis, Tucker's corporate representative at trial, that Tucker's was Moore's employer on the
date the accident occurred. The core dispute is whether Moore caused the accident while he was
actually performing work for Tucker's.
            Tucker's contends that, if the accident occurred when Moore was on a personal errand before
his scheduled work shift began, any statements he made suggesting he was working at the time
should have been deemed inadmissible hearsay. Citing trial testimony indicating the accident
occurred approximately twenty minutes before Moore (or any other employee) was scheduled to start
working at the liquor store, as well as Moore's own testimony that he was on a personal errand,
Tucker's argues that the circumstantial evidence offered by the Fopays "was logically and legally
incapable of supporting an ultimate inference of course and scope, especially in the face of contrary,
undisputed facts." Tucker's points out that, in addition to its claim its liquor store employees were
never permitted to begin working before 10:00 a.m., Moore's presence on Tucker's property at 9:40
a.m. was no evidence that Moore was working because he typically began his days early by traveling
up and down the highway, oftentimes parking under the trees on Tucker's property to eat breakfast
and scratch lottery tickets. The above-recited facts, however, have little to do with the admissibility
of Moore's statements following the accident.
            Under the plain language of Rule 801(e)(2)(D), the trial court's evidentiary ruling should not
have turned on whether Moore was actually performing duties for Tucker's at the time his statements
against its interests were made.


 Instead, because it was undisputed that Moore was Tucker's
employee on the day of the accident, the trial court needed to determine only whether Moore's
statements concerned a matter within the scope of his employment. See Tex. R. Evid. 801(e)(2)(D). 
And in this connection, this Court must determine whether the evidence provided an adequate basis
on which the trial court could reasonably conclude that Moore's statements were made concerning
a matter within the scope of his employment while employed by Tucker's. See Norton, 703 S.W.2d
at 272.
            The evidence clearly established that Moore was a Tucker's employee on the day of the
accident, and there was ample evidence that his employment responsibilities included handling
Tucker's merchandise and deposits. He prepared and loaded customers' beer, wine, and liquor orders
and was asked once or twice a week to pick up deposits from Tucker's beer and wine store on the
south side of the highway. It is also significant to note that the Texas Alcoholic Beverages
Commission had, only months before, cited and fined Tucker's for transporting merchandise between
its two stores. Based on these facts alone, the trial court could easily conclude Moore's
statements—that he was transporting Tucker's merchandise and picking up night
deposits—concerned matters within the scope of his employment. It is irrelevant to the admissibility
question whether Moore was on duty at the time of the accident. Even an agent's casual conversation
on the golf course may be an admission by a party-opponent if the statement in question concerns
a matter within the scope of his or her employment. Fojtik v. First Nat'l Bank of Beeville, 752
S.W.2d 669, 671–72 (Tex. App.—Corpus Christi 1988, writ denied). We hold there was no error
in the trial court's determination that Moore's statements were admissions by a party-opponent,
governed by Rule 801(e)(2)(D).
2. Proof of Moore's Employment by Tucker's Is Sufficient Predicate
            Tucker's asserts that, before Moore's statements could be admitted, the Fopays were required
to prove, by independent corroborating evidence, that Moore was within the course and scope of his
employment at the time he made the statements attributed to him by McAdams and Gonzales. We
disagree.
            Rule 801(e)(2)(D) specifies no independent corroboration requirement. See Tex. R. Evid.
801(e)(2)(D); compare Tex. R. Evid. 803(24) (statement against interest, with specific corroboration
requirement in criminal cases). Before admission of a statement under Rule 801(e)(2)(D), if it
otherwise qualifies within the terms of the rule, the proponent must establish only the existence of
the employment or agency relationship. State v. Buckner Constr. Co., 704 S.W.2d 837, 846 (Tex.
App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.) (citing Tex. Gen. Indem. v. Scott, 152 Tex. 1, 253
S.W.2d 651, 655–56 (1952)). Before the tender and admission of Moore's statements, the Fopays
had firmly established, through Tucker's admission, that Moore was an employee of Tucker's on the
day of the accident. For that reason, the statements were properly admitted. We affirm.



Conclusion
            Because the facts in this case are uncontradicted that Moore was employed by Tucker's on
the day of the accident and because the statements attributed to him by witnesses McAdams and
Gonzales concerned matters within the scope of his employment, we hold there was no error in
admitting the statements pursuant to Texas Rule of Evidence 801(e)(2)(D). Accordingly, we affirm
the judgment of the trial court.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          August 25, 2004
Date Decided:             September 3, 2004