NO.
12-06-00065-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

§          

 

IN RE: BROOKSHIRE GROCERY

COMPANY D/B/A SUPER 1
FOODS,       §          ORIGINAL PROCEEDING

RELATOR

 

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Brookshire
Grocery Company d/b/a Super 1 Foods (“Brookshire”) filed a petition for writ of
mandamus challenging the trial court’s discovery order in the underlying slip
and fall case.[1]  We
conditionally grant the writ in part and deny in part.

 

Background

            Sandra
Floyd, the real party in interest, fell while shopping in a Super 1 Foods store
in Longview, Texas.  She sued Brookshire
for her alleged injuries and resulting damages. 
During discovery, Floyd served Brookshire with her first request for
written discovery.  Seven of those
requests, Request No. 7 and Request Nos. 15 through 20, are the subject of this
proceeding.  Brookshire objected to these
requests and produced no responsive documents or information.  Floyd filed a motion to compel.  Immediately prior to the hearing on Floyd’s
motion,  Brookshire produced one page of
photographs that were “hard to see” and a two page customer accident
report.  

            At a hearing
on the motion, the trial court sustained Brookshire’s objection to Request
No. 7 in part, overruled its objections to Request Nos. 15 through 20, and
ordered production of the responsive information and documents.  This original proceeding followed.  We stayed the trial court’s order pending our
disposition of Brookshire’s petition.

 

Availability
of Mandamus

            Mandamus
will issue to correct a clear abuse of discretion where there is no adequate
remedy by appeal.  Walker v. Packer,
827 S.W.2d 833, 839-40 (Tex. 1992).  The
burden of establishing an abuse of discretion and an inadequate appellate
remedy is on the party resisting discovery, and this burden is a heavy
one.  In re CSX Corp., 124
S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). 
An order compelling discovery that is well outside the proper bounds
constitutes an abuse of discretion and is reviewable by mandamus without a
showing that appeal is an inadequate remedy. 
See In re Am. Optical Corp., 988 S.W.2d 711, 713 (Tex.
1998). 

Abuse of
Discretion

            Brookshire
complains that Request Nos. 7 and 15 through 20 are overly broad as a matter of
law and seek information and documents that are irrelevant.[2]  

Applicable Law

            Parties must
have some latitude in fashioning proper discovery requests.  Texaco v. Sanderson, 898 S.W.2d
813, 815 (Tex. 1995).  On the other hand,
discovery may not be used as a fishing expedition to investigate new claims
rather than to support existing claims.[3]  In re Am. Optical, 988 S.W.2d
at 713; In re Sears, Roebuck & Co., 123 S.W.3d 573, 578 (Tex.
App.–Houston [14th Dist.] 2003, orig. proceeding) (citing Dillard Dep’t
Stores, Inc. v. Hall, 909 S.W.2d 491, 492 (Tex. 1995)).  

            Generally,
the scope of discovery is within the trial court’s discretion.  Dillard, 909 S.W.2d at
492.  This discretion is not unlimited,
however.  In re Am. Optical,
988 S.W.2d at 713.  The trial court must
make an effort to impose reasonable discovery limits.  In re CSX, 124 S.W.3d at
153.  The rules of procedure provide that
the scope of discovery includes any unprivileged information that is relevant
to the subject of the action, even if it would be inadmissible at trial, as
long as the information sought is “reasonably calculated to lead to the
discovery of admissible evidence.”  Tex. R. Civ. P. 192.3(a); see also
In re CSX, 124 S.W.3d at 152. 
“Relevant to the subject matter” and “reasonably calculated to lead to
admissible evidence” are liberally construed to allow the litigants to obtain
the fullest knowledge of the facts and issues prior to trial.  Axelson v. McIlhany, 798 S.W.2d
550, 553 (Tex. 1990); see also Tex.
R. Civ. P. 1.

            Although the
scope of discovery is broad, requests must show a reasonable expectation of
obtaining information that will aid the dispute’s resolution.  In re CSX, 124 S.W.3d at 152; see
also Tex. R. Civ. P. 192 cmt.
1.  Consequently, discovery requests must
be “reasonably tailored” to include only relevant matters.  In re CSX, 124 S.W.3d at
152.  A reasonably tailored discovery
request is not overly broad merely because it may include some information of
doubtful relevance.  Texaco,
898 S.W.2d at 815.  A central
consideration in determining overbreadth is whether the request could have been
more narrowly tailored to avoid including tenuous information and still obtain
the necessary pertinent information.  In
re CSX, 124 S.W.3d at 153.  A
discovery request that is unlimited as to time, place, or subject matter is
overly broad as a matter of law.  See,
e.g., In re Am. Optical, 988 S.W.2d at 713 (order requiring
production of virtually all documents regarding company’s products for a fifty
year period overly broad as matter of law); Dillard, 909 S.W.2d
at 492 (order requiring twenty state search for documents over five year period
overly broad as matter of law); Texaco, 898 S.W.2d at 815
(request for all documents authored by safety director on subject of safety,
without limitation as to time, place, or subject matter, overly broad as a
matter of law).

            The party
objecting to discovery must present any evidence necessary to support
its objections.  Tex. R. Civ. P. 193.4(a) (emphasis added).  Evidence supporting an assertion relating to
discovery is not required when evidence is unnecessary to decide the
matter.  In re Union Pacific
Resources Co., 22 S.W.3d 338, 341 (Tex. 1999).  Where a request is overly broad as a matter
of law, the presentation of evidence is unnecessary to decide the matter.  See In re Am. Optical, 988
S.W.2d at 712 (relator did not offer evidence, but contended documents requests
were overly broad because not tied to particular products plaintiff allegedly
used or to time periods of alleged use); see also   In re Alford Chevrolet-Geo, 997
S.W.2d 173, 190 (Tex. 1999) (Hecht, J., concurring).  Nor is evidence always necessary where the
discovery sought is objected to as irrelevant. 
See In re Union Pacific, 22 S.W.3d at 341.  

Request No. 7

            In Request
No. 7, Floyd seeks “any and all video tapes, photographs, drawings and sketches
of the premises.”  The trial court
overruled Brookshire’s objections “as to current layout at time of the
incident.”  Brookshire contends, however,
that “[t]he discovery ordered in connection with request 7 includes . . . any
and all videos and photographs for the entire existence of the store,”
as well as “all design drawings for the building, including . . . its
electrical, HVAC, and plumbing systems and elevations . . . .”  In making such an assertion, Brookshire
disregards the limitations included in the trial court’s ruling, apparently in
reliance upon In re Sears Roebuck & Co., 123 S.W.3d 573 (Tex.
App.–Houston [14th Dist.] 2003, orig. proceeding).

            In In
re Sears, the plaintiffs in the underlying asbestos litigation served
Sears with their first written discovery, which consisted of a single spaced 64
page request including 78 interrogatories with 253 subparts and 60 requests for
production.  To fully comply with the
discovery, Sears was required to produce such information as (1) the location,
description, and dates of operation of every Sears warehouse or sales office in
Texas; (2) a detailed description of every product Sears ever sold containing
asbestos; (3) the identity and address of all Sears sales offices or authorized
dealers of asbestos-containing home construction products in the United States;
and (4) the name, date of manufacture and sale, and asbestos content of each
product it sold or made available for sale, including but not limited to a list
of more than two hundred items ranging from bath rugs and shower curtains to
lawn mowers, small appliances, and washers and dryers.  Sears objected, the plaintiffs moved to
compel, and the trial court held a number of hearings.  Id. at 575.  

            At the
hearing, the trial court announced that it would reserve Sears’s objections
until later, but proceeded to consider each of the discovery requests.  In its order, the trial court modified the
requested discovery, in some instances requiring production not originally
sought and in others limiting the requested production or denying it
altogether.  For example, the trial court
omitted more than two hundred products from the original request, but required
production regarding other products not originally listed.  Id.  After conducting additional hearings, the
trial court “clarified” its original order, which superseded the original order,
resulting in what the court of appeals characterized as “an entire set  [of discovery requests] crafted with the
trial court’s help in a hearing on a motion to compel.”  Id. at 579.  

            In the
instant case, the trial court implicitly sustained Brookshire’s exception to
Request No. 7 except “as to current layout at time of the incident.”  Brookshire contends that in so doing, the
trial court impermissibly rewrote Request No. 7.  This action does not approach the level of
judicial assistance in In re Sears.  We therefore conclude that the trial court’s
ruling relating to Request No. 7 does not constitute an abuse of
discretion.  Because the trial court’s
ruling is not an abuse of discretion, we do not address Brookshire’s arguments
relating to Request No. 7 as originally written.

Request Nos. 15, 16, and 17

            In Request
No. 15, Brookshire was asked to admit that there had been evaluations of the
premises for safety by a liability insurance carrier.  If Brookshire admitted this fact, it was then
to identify all documents relating to the evaluations and produce them (Request
Nos. 16 and 17).  Brookshire points out
that neither evidence of liability insurance or any safety evaluation by or on
behalf of a liability insurance carrier is admissible in the underlying proceeding.  See Tex.
R. Evid. 411.  But admissibility
is not the test for determining the scope of discovery.  Axelson, 798 S.W.2d at 553; see
also Tex. R. Civ. P. 192.3(a).  Brookshire next contends that inadmissible
facts cannot be the subject of a request for admission.  The plain language of Texas Rule of Civil
Procedure 198.1 belies this contention.  See
Tex. R. Civ. P. 198.1 (a
party may serve written requests that another party admit the truth of any
matter within the scope of discovery).

            Brookshire
also argues that Floyd’s failure to limit Request Nos. 15, 16, and 17 as to
time and subject matter required the trial court to sustain its objections as
to overbreadth.  The supreme court has
identified as overly broad “requests encompassing time periods, products, or
activities beyond those at issue in the case[;] in other words, matters of
questionable relevancy to the case at hand.” 
In re Alford Chevrolet-Geo, 997 S.W.2d at 181 n.1; see
also Texaco, 898 S.W.2d at 815 (request for documents, without
limitation as to time, place, or subject matter is overly broad).  Here, Request Nos. 15, 16, and 17 are not
limited as to time or subject matter. 
Consequently, the trial court’s order requires Brookshire to produce all
documents pertaining to any safety evaluation by a liability insurance carrier
for the entire time the subject store has been in existence.  Additionally, the subject matter of the
information and documents is not limited to incidents similar to the one that
is the subject of the underlying lawsuit. 
See K Mart Corp. v. Sanderson, 937 S.W.2d 429, 431 (Tex.
1996) (order requiring description of all criminal conduct within last seven
years overly broad where  dissimilar
criminal conduct had no apparent connection to plaintiff’s injury or cause of
action).  Floyd’s requests could easily
have been drawn more narrowly and still obtain the necessary pertinent
information.  See In re CSX,
124 S.W.3d at 153. 

            Floyd
counters that the trial court made a factual finding that the ten year period
for which the trial court and the parties assumed the store had been in
existence was not overly broad.  We first
note that the record does not clearly show that the parties “assumed” the store
had been in existence for ten years. 
Instead, the record reflects that Floyd’s counsel informed the court
that “[t]he store has only been around for 10 years.”  Brookshire’s counsel did not comment.  Cf. Tjernagel v. Roberts,
928 S.W.2d 297, 303 (Tex. App.–Amarillo 1996, orig. proceeding) (interrogatory
not overly broad for failure to state time limitation where relator’s
deposition revealed company had been in business for approximately three
years).  Moreover, no such time
limitation is included in the trial court’s order.  See Austin v. Kerr-McGee Refining Corp.,
25 S.W.3d 280, 287 (Tex. App.–Texarkana 2000, no pet.).  Therefore, we do not address whether ten
years is a reasonable time limitation. 

            Finally,
Brookshire contends that Request Nos. 15, 16, and 17 seek information and documents
that are irrelevant.  In substance,
Brookshire argues that even if the requests were more narrowly drawn, the
responsive information and documents cannot lead to the discovery of admissible
evidence.  Floyd maintains, in part, that
the evaluations, if any, will reveal that Brookshire had notice of dangerous
conditions at the store where she fell.

            A slip and
fall plaintiff can recover damages upon a showing that (1) the premises
owner/operator had actual or constructive knowledge of some condition on the
premises; (2) the condition posed an unreasonable risk of harm; (3) the
owner/operator did not exercise reasonable care to reduce or eliminate the
risk; and (4) this failure proximately caused the plaintiff’s injuries.  Wal-Mart Stores v. Gonzales,
968 S.W.2d 934, 936 (Tex. 1998). 
Evidence of other accidents, near accidents, or related similar events
is probative evidence in Texas courts, provided an adequate predicate is
established.  Henry v. Mrs. Baird’s
Bakeries, 475 S.W.2d 288, 294 (Tex. Civ. App.–Fort Worth 1971, writ ref’d
n.r.e.).  More specifically, similar
events are admissible if the earlier accidents occurred under reasonably
similar but not necessarily identical circumstances.  McEwen v. Wal-Mart Stores, 975
S.W.2d 25, 29 (Tex. App.–San Antonio 1998, pet. denied).  Prior to admission of similar events, the
plaintiff must first establish (1) a predicate of similar or reasonably similar
conditions; (2) connection of the conditions in some special way; or (3) that
the incidents occurred by means of the same instrumentality.  Id.; Henry, 475
S.W.2d at 294.  Once the proper predicate
is established, the evidence is probative on several issues, including notice
to the owner/operator of the existence of an alleged dangerous condition.  McEwen, 975 S.W.2d at 28; Henry,
475 S.W.2d at 294.  Therefore, the
discovery sought is reasonably calculated to lead to admissible evidence.

            Based on the
foregoing discussion, we hold that the trial court abused its discretion in
overruling Brookshire’s objections that Request Nos. 15, 16, and 17 were overly
broad.  We further hold, in light of our
interpretation of Brookshire’s relevance argument, that the trial court did not
abuse its discretion in overruling Brookshire’s relevance objections to Request
Nos. 15, 16, and 17. 

Request Nos. 18, 19, and 20

            In Request
No. 18, Brookshire was asked to admit that there had been evaluations of the
premises for safety by OSHA (Occupational Safety and Health
Administration).  If Brookshire admitted
this fact, it was then to identify all documents relating to the evaluations
and produce them (Request Nos. 19 and 20). 
These requests differ from Request Nos. 15, 16, and 17 only as to the
source of the information and documents sought. 
Therefore, Request Nos. 18, 19, and 20 are also overly broad because
they are unlimited as to time and subject matter.  See K Mart, 937 S.W.2d
at 431; Texaco, 898 S.W.2d at 815.  

            In its
relevance argument, Brookshire points out that OSHA focuses on employee
safety.  See 29 CFR 1910.5(d).
Because Floyd is not its employee, Brookshire’s asserts, safety evaluations
conducted by or on behalf of OSHA for the purpose of assessing worker issues
are certain to yield nothing relevant to Floyd’s slip and fall.  As with Request Nos. 15, 16, and 17, Floyd urges
that these evaluations relate, in part, to the notice element of her cause of
action.  We acknowledge that OSHA
pertains to employees, their employment, and their places of employment.  However, 
evidence of other accidents, near accidents, or related similar events
is probative evidence in Texas courts, provided an adequate predicate is
established.  Henry, 475
S.W.2d at 294.  Once the proper predicate
is established, the evidence is probative on several issues, including notice
to the owner/operator of the existence of an alleged dangerous condition.  McEwen, 975 S.W.2d at 28; Henry,
475 S.W.2d at 294.  The fact that a
similar accident involved an employee rather than a nonemployee does not bar
admission of the evidence.  Consequently,
we conclude that OSHA evaluations pertaining to accidents similar to Floyd’s
are reasonably calculated to lead to admissible evidence.

            We hold that
the trial court abused its discretion by overruling Brookshire’s objections
that Request Nos. 18, 19, and 20 are overly broad.  However, it did not abuse its discretion in
overruling Brookshire’s relevance objections to Request Nos. 18, 19, and 20.

 

Conclusion

            The trial
court’s ruling pertaining to Request No. 7 and its rulings pertaining to
Brookshire’s relevance objections to Request Nos. 15, 16, 17, 18, 19, and 20 do
not constitute an abuse of discretion. 
However, the trial court abused its discretion in overruling Brookshire’s
objections that  Request Nos. 15, 16, 17,
18, 19, and 20 are overly broad.  Because
this portion of the trial court’s order compels discovery well outside the
proper bounds, mandamus is appropriate.  See
In re Am. Optical, 988 S.W.2d at 713.  We are confident that the trial court will
promptly vacate the portions of its order overruling these objections and issue
an order granting Brookshire’s objections that Request Nos. 15, 16, 17, 18, 19,
and 20 are overly broad.  The writ will
issue only if the trial court fails to comply with this Court’s opinion and
order within ten days.  The stay of the
trial court’s order is lifted.  The trial
court shall furnish this Court, within the time for compliance with this Court’s
opinion and order, a certified copy of its order evidencing such compliance.

 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

Opinion delivered July 21,
2006.

Panel consisted of Worthen, C.J. and Griffith, J.

 

 

(PUBLISH)











[1] The respondent is the Honorable
Alfonso Charles, Judge of the County Court at Law No. 2, Gregg County,
Texas.





[2] In its objections to discovery,
Brookshire objected that Request No. 7 was overbroad, unduly burdensome, and
not reasonably calculated to lead to the discovery of admissible evidence.  Brookshire also objected that Request Nos. 15
through 20 were vague, ambiguous, overbroad, and wholly irrelevant.  Because Brookshire limits its complaints here
to the trial court’s rulings on its overbreadth and relevancy objections, we
limit our discussion to those rulings.





[3] One commentator suggests that the
prohibition of fishing expeditions means nothing more than (1) the causes of
action and defenses in the pleadings determine the boundaries of relevance; and
(2) requests about subjects outside the matters pleaded (usually other causes
of action) are therefore irrelevant.  W.
Mark Cotham, Why Not Have Responses to Document Requests That Make Sense?,
43 Houston Lawyer 22, 26 (2006).