Harvey Brown, Justice, concurring.
CONCURRING OPINION
I concur in the Court's disposition and join the majority opinion because it correctly determines that the trial court did not commit harmful error in admitting the police report. I write separately, however, to observe that the trial court erred in admitting the hearsay portion of the report. Because trial courts are frequently asked to rule on the admissibility of police reports, I believe it would aid trial courts to explain why that portion of the report is hearsay.
FACTUAL BACKGROUND
The facts are summarized in the Court's opinion. Algarie Graham was struck by an 18-wheeler truck driven by James Scott at *252 the intersection of Homestead Road and Loop 610. Graham and Scott testified to different versions of how the accident happened. There were no third-party witnesses to the accident. There was, however, a police officer who testified and whose report was partially admitted into evidence.
Officer Tabor did not see the accident occur and, when testifying at trial, stated that he could recall little of what anyone had told him at the accident scene. His written report included statements by Scott and by another person, Leroy Coleman, who had not seen the accident but did see the immediate aftermath.
Tabor testified that Scott told him that he first saw Graham when he was lying injured in the road after the accident. By agreement of the parties, the trial court admitted into evidence the part of Tabor's report that contained a three-sentence narrative about what Scott told him:
I was turning right on the loop from Homestead and I had a green light. I looked behind me after I made the turn and saw a man down in the street. I then stopped to check on him and he told me I hit him.
Graham objected, on hearsay grounds, to the admission of the remainder of Tabor's report, including Tabor's notes about what Coleman had told him. The report contains the following statement Tabor attributed to Coleman:
I saw the guy trying to wave down the truck like he was trying to get a ride and after the truck passed, the man stepped into traffic and was hit with the back wheel.
The trial court overruled Graham's objection and admitted the statement in Tabor's report that was attributed to Coleman.[1] The trial court should have excluded Coleman's statement as hearsay.
COLEMAN'S STATEMENT WAS INADMISSIBLE HEARSAY
Scott argues that Coleman's statement contained in Officer Tabor's report was admissible "because (a) it was a prior consistent statement and thus not hearsay; or it was within hearsay exceptions as (b) part of the investigating officer's factual finding about the point of impact; and (c) an excited utterance."
Hearsay is a statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." TEX. R. EVID. 801(d). A statement is not hearsay if it "is consistent with the declarant's testimony and is offered to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying." TEX. R. EVID. 801(e)(1)(B).
"Hearsay is not admissible unless any of the following provides otherwise: a statute; these rules; or other rules prescribed under statutory authority." TEX. R. EVID. 802. Among the exceptions to the rule against hearsay are the two cited by appellees as relevant here:
....
(2) Excited Utterance. A statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused.
....
(8) Public Records. A record or statement of a public office if:
(A) it sets out:
(i) the office's activities;
(ii) a matter observed while under a legal duty to report, but not including, *253 in a criminal case, a matter observed by law-enforcement personnel; or
(iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and
(B) the opponent fails to demonstrate that the source of information or other circumstances indicate a lack of trustworthiness.
....
TEX. R. EVID. 803. The proponent of hearsay has the burden of showing that the testimony fits within an exception to the general rule prohibiting the admission of hearsay evidence. Volkswagen of Am., Inc. v. Ramirez , 159 S.W.3d 897, 908 n.5 (Tex. 2004).
A. The statement is hearsay.
The quoted portion of Coleman's statement contained in Tabor's report was offered into evidence to prove the truth of the matter asserted-i.e., that "after the truck passed, [Graham] stepped into traffic and was hit with the back wheel." At trial, though, Coleman testified that he did not see Graham step into the street or get struck by a tire. These statements directly contradict each other: they are inconsistent. Thus, Coleman's statement in Tabor's report does not fall within the definition of a non-hearsay prior consistent statement. TEX. R. EVID. 801(e)(1)(B) (prior consistent statement rebutting charge of recent fabrication is not hearsay). The statement is hearsay.
B. The hearsay exceptions cited by Scott do not apply.
Coleman's statement in Tabor's report does not fall within either of the two hearsay exceptions cited by Scott.
1. Public records
Scott correctly notes that some or all of a police report may fall within the types of reports excluded from the hearsay rule under Rule 803(8), which exempts certain public records. See McRae v. Echols , 8 S.W.3d 797, 799 (Tex. App.-Waco 2000, pet. denied) (holding Rule 803(8) applied to police report). But in a civil case, the exception applies to a police report only if the report sets out the office's activities, a matter observed while under a legal duty to report, or factual findings from a legally authorized investigation. TEX. R. EVID. 803(8)(A). Coleman's statement contained within Tabor's police report is not a factual finding for purposes of Rule 803(8).[2] See Kratz v. Exxon Corp. , 890 S.W.2d 899, 905 (Tex. App.-El Paso 1994, no writ) (holding two accident eyewitness statements contained within police report were inadmissible under Rule 803(8) because "they do not constitute factual findings resulting from an investigation made pursuant to authority granted by law."). Accordingly, Rule 803(8) does not render Coleman's hearsay statement admissible.
2. Excited utterance
Nor does Coleman's statement qualify as an "excited utterance"-i.e., an utterance "relating to a startling event or condition made while the declarant was under the stress of excitement that it caused." TEX. R. EVID. 803(2). Scott acknowledges that there was no discussion about the excited-utterance exception to the hearsay rule in the trial court and that there is no evidence that Coleman was excited when he gave the statement to Tabor. Nonetheless, he argues that we should infer that Coleman was excited when he made the *254 statement to Tabor and then affirm the trial court's admission of the statement on the ground that "an appellate court should uphold [a] ruling if there is any other ground for doing so, even though not urged below." State Bar of Tex. v. Evans , 774 S.W.2d 656, 658 n.5 (Tex. 1989).
"A statement that is simply a narrative of past events or acts, as distinguished from a spontaneous utterance, does not qualify as an excited utterance regardless of how soon after the event it is made." Felix v. Gonzalez , 87 S.W.3d 574, 578 (Tex. App.-San Antonio 2002, pet. denied). Statements made in response to questions are less likely to be deemed excited utterances, although the speaker's tone, tenor, voice, or demeanor may demonstrate otherwise. Ramirez , 159 S.W.3d at 909. While there may be circumstances under which the totality of the evidence may support an inference that a statement is an excited utterance, such an inference cannot be made on this record. Tabor testified that he was on the scene "shortly after the accident," but that another officer had arrived before he did. Tabor spoke to the other officer, called an ambulance, and then interviewed Scott (the driver), Graham (the pedestrian), and Coleman (the witness). Nothing indicates the order of the interviews or how long after Tabor's arrival Coleman made his statement. These facts, coupled with the lack of any evidence about Coleman's demeanor or attitude in the record, do not support application of the excited-utterance exception to the hearsay rule through inference.
The trial court abused its discretion by admitting Coleman's hearsay statement from Tabor's report.
CONCLUSION
I agree with the Court that the erroneous admission of Coleman's hearsay statement was not harmful. Therefore, I join in the opinion that affirms the trial court's judgment.

The trial court excluded the remainder of the accident report that included Tabor's accident diagram and conclusion about the point of impact.

Coleman's statement obviously does not set out HPD's activities. Nor does it constitute a matter observed while under a legal duty to report.